**Lawrence Edward WOOLSTON,
Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. No. 93–176–B–C.**

United States District Court,
D. Maine.

Dec. 21, 1993.

Lawrence Edward Woolston, pro se.

Jonathan R. Chapman, Asst. U.S. Atty., Portland, ME, for respondent.

*MEMORANDUM OF DECISION AND ORDER ON PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE*

GENE CARTER, Chief Judge.

Before the Court for action is Petitioner's Motion Under 28 United States Code section 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 2). The Government has responded thereto (Docket No. 7), and Petitioner has replied thereto (Docket No. 10). The Court has the benefit of a memorandum by the United States Probation Office with respect to the LSD Guideline recalculation required by the amendment to the United States Sentencing Commission Guidelines effective November 1, 1993 (Docket No. 13). The Government has filed a Supplemental Response (Docket No. 11) to the original motion, and Petitioner has filed a Supplemental Reply to the Government's Supplemental Response (Docket No. 14). The Court has now reviewed the entire file and enters herewith the following order.

■ It is hereby *ORDERED* that the motion be granted in part as a motion to correct sentence herein. The Court *CONCLUDES* that this Defendant is entitled to the benefit of any reduction by way of recomputation of the amount of LSD involved in the offense and related conduct as required by the amendments to the United States Sentencing Commission Guidelines effective November 1, 1993. *See* 18 U.S.C. § 3582(c)(2).

The Judgment entered herein on June 15, 1990, set forth the following finding in respect to the drug quantity computation made under the content of the Sentencing Commission Guidelines in existence at that time:

As the offense conduct involves possession of two illicit substances, the drug equivalency table set forth under the Sentencing Guidelines must be used to provide conversion factors for each substance, thus allowing for the calculation of the Base Offense Level. Accordingly, nine (9) grams of LSD is equal to nine hundred (900) grams of heroin equivalent; twenty-nine and seven-tenths (29.7) grams of marijuana is equal to two hundred ninety-seven ten-thousandths (0.0297) of a kilogram of heroin, totaling nine and two hundred ninety-seven ten-thousandths (9.0297) kilograms of heroin equivalent.

Memorandum of Sentencing Judgment at 2. As the United States Probation Office memo herein (Docket No. 13) now reflects, this

Defendant is entitled to a reduction in the LSD component of the drug quantity amount to be used to determine the Base Offense Level to five thousand five hundred ninety-two ten-thousandths (.5592) grams and a resulting total heroin conversion amount of fifty-five and ninety-four hundredths (55.94) grams for all drug substances involved in the offense and related conduct. The Court hereby so *FINDS*.

The Court *CONCLUDES* that the foregoing adjustment will reduce the Total Offense Level (including the original adjustments added in the Court's Judgment of June 15, 1990) of Level "20." Defendant's Criminal History Category remains at Category II. These predicates establish a range of incarceration specified by the Guidelines of thirty-seven (37) to forty-six (46) months as compared with the original computation of one hundred eight (108) to one hundred thirty-five (135) months.

■ The statutory mandatory minimum sentence of five (5) years, or sixty (60) months, remains, however, in place. Contrary to Petitioner's contention herein, pursuant to 18 United States Code section 3582(c)(2), the Court is authorized to reduce a sentence which has been altered by a change to a Guideline. However, there is no means by which the Court is authorized to reduce a sentence based upon the statutory minimum mandatory penalties which were in effect at the time of the original sentencing. Petitioner was charged and convicted under the provisions of 21 United States Code section 841(b)(1)(B), which carries, by statute, a minimum mandatory sentence of five (5) years imprisonment. The background commentary to the amendment to Guideline section 2D1.1, effective November 1, 1993, provides:

> Nonetheless, this [new method of calculating the weight of LSD] does not override the applicability of 'mixture or substance' for the purpose of applying a mandatory minimum sentence. *See Chapman [v. United States*, 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) ]; § 5G1.1(b).

The *Chapman* case upheld as constitutional the use of the weight of carrier substances in determining the drug quantity involved for LSD offenses in deciding the applicability of statutory mandatory minimum sentences. *There is no statutory mechanism in place authorizing the Court to reduce such a statutory mandatory minimum sentence.* Accordingly, the Sentencing Commission Guideline range of thirty-seven (37) to forty-six (46) months is displaced upward by the statutory minimum mandatory sentence of sixty (60) months.

Finally, with respect to Petitioner's claim that his counsel at the time of the sentencing proceedings was ineffective because he failed to request a downward departure on the basis of Woolston's extreme family circumstances, the Court notes that such claim is made moot by the application of the statutory mandatory minimum sentencing requirement. Even had the attorney moved for a departure downward, the Court had no authority to depart below the minimum mandatory statutory sentence of sixty (60) months. Since that is the sentence the controls here, Petitioner can show no prejudice from the conduct of counsel even if it were sufficiently deficient to meet the standard of ineffective assistance of counsel, an issue which the Court need not now resolve.

Accordingly, in response to the most recent amendments to United States Sentencing Commission Guidelines section 2D1.1, effective November 1, 1993, the Court hereby *ORDERS* that its Judgment herein of June 15, 1990, be, and it is hereby, *AMENDED* to reflect that the Court now *FINDS* the drug quantity involved in the offense conduct herein to be a total of fifty-five and ninety-four hundredths (55.94) grams of heroin equivalent, including five thousand five hundred ninety-two ten-thousandths (.5592) grams of LSD; that Petitioner's Adjusted Total Offense Level is Level "20"; and that Petitioner's Guideline range for incarceration is thirty-seven (37) to forty-six (46) months. A mandatory minimum sentence of sixty (60) months is prescribed by 21 United States Code section 841(b)(1)(A–B) and applies herein.

The term of incarceration imposed herein is hereby *REDUCED* to sixty (60) months.

It is hereby *ORDERED* that the Judgment entered in the underlying criminal proceeding be *AMENDED* forthwith to so reflect.