**UNITED STATES of America, Plaintiff,**

**v.**

**Meirl G. NEAL, Defendant.**

No. 88–30020.

United States District Court,
C.D. Illinois,
Springfield Division.

March 29, 1994.

Byron G. Cudmore, Asst. U.S. Atty., Springfield, IL, for plaintiff.

Michael Costello, Springfield, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge:

This cause is before the Court for resentencing of the Defendant on the Defendant's motion for modification of his original sentence in light of the retroactive amendment of the sentencing guidelines. The Court will consider modification of the Defendant's original sentence only insofar as that sentence is affected by the amended guidelines.

On February 13, 1989, the Defendant pled guilty to the offenses of conspiracy to distribute LSD and possession with intent to distribute LSD, and the Defendant was subsequently sentenced to a term of imprisonment of 192 months. Since that time, the U.S. Sentencing Guidelines have been retroactively amended to modify the calculation of the weight of LSD to be attributed to a defendant. The LSD possessed by the Defendant in this case was contained on absorbent blotter paper with a gross weight of 109.51 grams. U.S.S.G. § 2D1.1(c) now prescribes a weight of .4 milligrams for each dose of LSD contained on a sheet of blotter paper.

The blotter paper possessed by the Defendant contained 11,456 dosages of LSD, which when multiplied by .4 milligrams results in a total weight of 4.58 grams of LSD. Consequently, the Defendant has a base offense level of 28 points, pursuant to U.S.S.G. § 2D1.1(c)(8). Given the Defendant's criminal history category of III and a three-point offense level reduction for acceptance of responsibility, the appropriate sentencing range under the revised guidelines is 70 to 87 months' imprisonment.

However, 21 U.S.C. § 841(b)(1)(A)(v) provides that a defendant shall receive a mandatory minimum sentence of 10 years' imprisonment for offenses involving "10 grams or more of a mixture or substance containing a detectable amount of ... LSD." The U.S. Supreme Court has held that for purposes of this mandatory minimum statute, the term "mixture or substance" includes the "blotter paper customarily used to distribute LSD." *Chapman v. United States*, 500 U.S. 453, 461, 111 S.Ct. 1919, 1925, 114 L.Ed.2d 524 (1991). Because the total weight of the blotter paper possessed by the Defendant which contained the dosages of LSD was 109.51 grams, the Defendant qualifies for the mandatory minimum sentence of 21 U.S.C. § 841(b)(1)(A)(v) of 120 months, or 10 years.

The Defendant argues that due to the fact that the sentencing guidelines have been retroactively amended to reflect dosages as the basis for the calculation of LSD weights, the Defendant should only be held accountable for 4.58 grams of LSD, thus eliminating the imposition of a mandatory minimum sentence of 10 years. However, the background commentary to § 2D1.1(c) of the sentencing guidelines specifically states that "this [revised] approach [for determining LSD weights] does *not* override the applicability of 'mixture or substance' for the purpose of applying any mandatory minimum sentence (*see Chapman;* § 5G1.1(b))." (emphasis added).

U.S.S.G. § 5G1.1(b) states that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." In other words, if a statute prescribes a mandatory minimum sentence, that statute shall prevail over the sentencing range prescribed by the guidelines. Thus, the mandatory minimum sentence of 120 months mandated by 21 U.S.C. § 841(b)(1)(A)(v) supersedes the Defendant's revised guideline range of 70 to 87 months.

Such a finding derives from a reading of the plain language of the last sentence of the commentary to U.S.S.G. § 2D1.1(c) referring to the *Chapman* case and U.S.S.G. § 5G1.1(b). The commentary specifically indicates that the U.S. Sentencing Commission does not intend the statute governing mandatory minimum sentences to be affected by the revised method of calculating LSD weights. For this Court to hold otherwise would result in the nullification of the *Chapman* decision as it relates to statutorily imposed mandatory minimum sentences, the validity of which the Sentencing Commission expressly chose to recognize. Consequently, the Defendant properly qualifies for a mandatory minimum sentence of 120 months' imprisonment.

*Ergo*, the Defendant's sentence of imprisonment is accordingly reduced from 192 months to 120 months. All other aspects of the Defendant's original sentence remain unchanged.