**UNITED STATES of America**

v.

**Gregory Alan KINDER.**

**C.A. No. 5:92–72–01.**

United States District Court, D. Vermont.

May 12, 1994.

William B. Darrow, Asst. U.S. Atty., Burlington, VT, for plaintiff.

Bonnie Barnes, Sessions, Keinder, Dumont, Barnes & Everitt, Middlebury, VT, for defendant.

### *OPINION AND ORDER*

BILLINGS, District Judge.

Defendant moved on April 29, 1994 to modify his sentence, pursuant to 18 U.S.C. §§ 3582(c)(2) and 3742(a). The government opposes the motion.

---

*Background*

The Court sentenced Kinder to 120 months, plus five years supervised release, on May 27, 1993, following Kinder's guilty plea to possession with intent to distribute 21 grams of "pink microdot" d-Lysergic Acid, Diethylmide tartrate ("LSD").[1] The 21 grams represented 2,235 tablets or doses of LSD. The quantity of the drug in addition to defendant's prior federal narcotics conviction resulted in a United States Sentencing Guidelines range of 97 to 121 months. However, defendant was sentenced pursuant to the mandatory minimum ten year sentence provided for violators with "10 grams or more" of LSD, 21 U.S.C. § 841(b)(1)(A)(v).[2] Pursuant to Guideline § 5G1.1(c)(2), by which statutorily required minimum sentences trump the Guideline range, defendant's sentencing range was 120 to 121 months.

Defendant now moves to review sentence in light of a 1993 amendment to the Guidelines, § 2D1.1(c), which changes the method for determining the relevant weight of LSD and is fully retroactive. The Guidelines now fix a standard per-dose weight of .4 milligrams to represent both active drug and its carrier medium (here, the microdot paper). Consequently, Kinder's 2235 dosage units of LSD, which when measured with the microdot paper weighed 21 grams, would under the amended Guidelines equal .89 grams (2235 × .4 milligrams).

*Discussion*

Applying the weight determined under the amended Guidelines, defendant argues, thereby avoids imposition of the statutorily required minimum sentence of ten years, which is triggered at ten grams of LSD. Defendant recalculates his expected Guideline range at 41 to 51 months.

However, the commentary to the 1993 amendment specifically indicates that the U.S. Sentencing Commission does not intend

the statute governing mandatory minimum sentences to be affected by the revised method of calculating LSD weights. *United States v. Neal,* 846 F.Supp. 1362 (C.D.Ill., 1994). The rule of *Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), that the total weight of LSD, including its carrier medium, is to be considered under 18 U.S.C. § 841(b)(1), thus remains unchanged by U.S.S.G. § 2D1.1(c).

Consequently, defendant's motion for review of sentence is hereby DENIED.

SO ORDERED.

---

**1.** Defendant pled guilty to Count I of a three count indictment. At the time of his arrest in August, 1992, defendant was in possession of the LSD, approximately one kilogram of cocaine, and 22.8 grams of heroin.

**2.** 18 U.S.C. § 841(b)(1)(A)(v) provides that:

In the event of a violation ... involving 10 grams or more of a mixture or substance containing a detectable amount of [LSD] ... such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life....