**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Quentin J. MUELLER, Defendant–Appellant.**

**No. 93–1481.**

United States Court of Appeals, Tenth Circuit.

June 22, 1994.

Henry L. Solano, U.S. Atty.; Craig Wallace and John M. Hutchins, Asst. U.S. Attys.; and Mountain States Drug Task Force, Denver, CO, for plaintiff–appellee.

Michael G. Katz, Federal Public Defender; and James P. Moran, Asst. Federal Public Defender, Denver, CO, for defendant–appellant.

Before MOORE, ANDERSON, and KELLY, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

The question presented by this appeal is whether a person sentenced under a superceded sentencing guideline for determining the weight of LSD is entitled to a reduced sentence based on the new guideline.

Complicating the question, however, is the fact the defendant has already received a Fed.R.Crim.P. 35 reduction which lowered his sentence below the statutory mandatory minimum. We conclude whether to apply the amended guideline is determined by circumstances existing at the time of the original sentence; therefore, because defendant was subject to the mandatory minimum sentence at that time, he is not entitled to the benefits of the new guideline. We therefore affirm the district court's order denying further reduction.

The relevant facts are not disputed. In accordance with the terms of a plea agreement, defendant pled guilty to distribution of more than one gram of a mixture or substance containing LSD.[1] In exchange for the plea, the government agreed to file a motion under U.S.S.G. § 5K1.1 recommending a fifteen percent downward departure from the applicable guideline range. The government also agreed to file a later Fed.R.Crim.P. 35 motion in exchange for substantial further cooperation by the defendant.

Defendant's original guideline range was 70–87 months, but upon the government's recommendation in accordance with the plea agreement, the range was reduced to 59–73 months. Sentence was fixed at the mandatory minimum of 60 months.[2] That sentence was later reduced to 39 months as a result of the government's Rule 35 motion.

After adoption of the amendment of U.S.S.G. § 2D1.1(c), the Drug Quantity Table, which standardized weights of LSD at 0.4 milligrams per dose, defendant moved for further reduction of his sentence. Guided by U.S.S.G. § 5G1.1(b), which states the statutory minimum sentence becomes the guideline when it is greater than the maximum of the guideline range, the district court concluded defendant was not entitled to further reduction. Defendant appeals that determination. We review the district court's application of the guidelines *de novo*. *United States v. Smith,* 13 F.3d 1421, 1425 (10th Cir.1994).

Both defendant and the government agree the new Drug Quantity Table can be applied

---

1. The total weight of LSD and the carrier medium was 1.8 grams.

2. *See* 21 U.S.C. § 841(b)(1)(B)(v).

retroactively. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a).[3] They also concur under the amended table Mr. Mueller's guideline range would be 18–24 months. Their disagreement, and the focus of this case, is whether U.S.S.G. § 5G1.1(b) trumps the benefit of retroactivity.

Defendant advances several theories in support of his argument. He notes initially the Sentencing Commission's new Drug Quantity Table attributes some weight to the LSD carrier medium for two reasons. First, the offense levels for other controlled substances are based on weight without consideration of purity. Second, in *Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), the Court held the term "mixture or substance" contained in 21 U.S.C. § 841 includes the carrier medium of the LSD.[4] Defendant also observes U.S.S.G. § 2D1.1(c) comment. (backg'd), states the new table "does not override the applicability of 'mixture or substance' for the purpose of applying any mandatory minimum sentence (*see Chapman;* § 5G1.1(b))." With this background, defendant contends the new guideline and *Chapman* are in conflict, rendering the guideline ambiguous. Because of this asserted ambiguity, defendant urges we apply the rule of lenity and allow the sentence amendment.

Mr. Mueller also argues depriving him the benefit of the new Drug Quantity Table would be a denial of due process because the government would have "unconstitutional prosecutorial discretion" to determine "what statutory scheme and sentencing guideline to apply." He bases this argument on the hypothesis the government could manipulate the sentencing outcome by not charging "with the mandatory minimum provision." This result, he maintains, is not in accord with the intent of Congress or the Sentencing Commission, neither of whom contemplated a "sentence depend[s] on the whims of the prosecution."

Finally, defendant argues, § 5G1.1(b) cannot be employed in this case to trump the new sentencing range because the district court already departed downward and sentenced below the mandatory minimum. He reasons the departure has effectively eradicated the mandatory minimum and § 5G1.1(b) has no meaning in his case. Moreover, he asserts, by definition his sentence of 39 months is not a mandatory minimum sentence.

Of the three arguments, the last has the greatest facial appeal. Indeed, if defendant's motion for reduction is to be judged only by present facts without consideration of the circumstances under which his original sentence was imposed and later modified, denying the benefit of the new table would appear inconsistent with the purposes of the amendment. Yet, the determination of whether defendant is entitled to a reduction based upon the amendment is inexorably tied to U.S.S.G. § 1B1.10(b). That provision states:

> In determining whether a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have originally imposed had the guidelines, *as amended,* been in effect at that time.

(emphasis in original). The clear import of this provision is the sentencing court determines the applicability of the new guideline in the context of the circumstances in existence at the time the sentence was originally imposed.

■ Hence, in this case, the schema would result in a guideline range of 18–24 months. Yet, *at the time of sentencing,* the mandatory minimum was 60 months, and the court would have been required by U.S.S.G. § 5G1.1(b) to find the guideline sentence was 60 months. *United States v. Neal,* 846 F.Supp. 1362 (C.D.Ill.1994); *Woolston v. United States,* 840 F.Supp. 1, 2 (D.Me.1993).

---

**3.** Both the statute and the guideline allow the sentencing court to reduce an existing sentence if the sentence was based upon a guideline that was subsequently lowered by the Sentencing Commission.

**4.** The applicable provision states: "[A]ny person who violates subsection (a) of this section shall be sentenced as follows: In the case of a violation ... involving ... 10 grams or more of a *mixture or substance* containing a detectable amount of lysergic acid diethylamide (LSD)...." 21 U.S.C. § 841(b)(1)(A)(v) (emphasis added).

The subsequent reduction upon the government's Rule 35 motion, which occurred at a later date, has no concomitant retrospective applicability.[5]

We do not believe the Rule 35 reduction the defendant received entitles him in any way to the waiver of the mandatory minimum provisions beyond that already granted. If Congress or the Commission wanted a contrary result, they would have said so.

We see no merit in defendant's remaining arguments. There is no ambiguity in the amended guidelines that requires imposition of a more lenient outcome. Nor has defendant persuaded us the charging discretion vested in the government in this case is any greater than that which existed before the amendment.

**AFFIRMED.**

---

**5.** Moreover, defendant is not entitled to an automatic reduction despite this rationale. Under the provisions of 18 U.S.C. § 3582(c)(2), reduction is discretionary, *United States v. Coohey*, 11 F.3d 97, 101 (8th Cir.1993), guided to the extent they are applicable by the factors contained in 18 U.S.C. § 3553(a).