35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Allen COX, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3041.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1994.
 
 Before: MARTIN, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a district court's order granting in part a motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, David Allen Cox was found guilty of one count of conspiracy to distribute LSD, in violation of 21 U.S.C. Sec. 846, and sentenced to a seventy-eight month term of imprisonment. Cox did not take a direct appeal from this conviction and sentence. In 1993, Cox filed a pro se motion seeking a sentence reduction pursuant to 18 U.S.C. Sec. 3582(c)(2) or a vacation of sentence pursuant to 28 U.S.C. Sec. 2255. The government responded and the district court eventually granted the motion in part, ordering that Cox's sentence be reduced to sixty months. This appeal followed. The parties have briefed the issues. Cox, who is proceeding without benefit of counsel, moves for the appointment of appellate counsel.
 
 
 3
 Cox was the subject of a multi-count indictment for LSD distribution. Count One of the indictment charged Cox with conspiring to violate 21 U.S.C. Sec. 841(a)(1), an offense involving the possession of a controlled substance, and 21 U.S.C. Sec. 841(b)(1)(B)(v), a controlled substance offense involving 1 gram or more of LSD and carrying a minimum five year sentence. Cox thereafter entered into a plea agreement in which he agreed to plead guilty to Count One of the indictment, with a maximum exposure of twenty years imprisonment, in exchange for the dismissal of the remaining seven counts against him. The parties agree that Cox was subsequently sentenced based in significant part on the combined weight of the unit doses of LSD and the carrier medium blotter paper, 8.745 grams. This calculation, which resulted in a base offense level of 28, was in accordance with the existing version of the guideline drug quantity table, U.S.S.G. Sec. 2D1.1, and the Supreme Court's pronouncement in Chapman v. United States, 500 U.S. 453 (1991).
 
 
 4
 U.S.S.G. Sec. 2D1.1 was later amended to eliminate the weight of the carrier medium from the quantity calculation. Instead, each unit dose is counted as 0.4 mg. of LSD for sentencing purposes. U.S.S.G.App.C, Amendment 488. This amendment was effective November 1, 1993, and was expressly made retroactive by the provisions of U.S.S.G. Sec. 1B1.10(d). The parties agree that had Cox's sentence been calculated according to this amendment, the weight would have been 366.8 mgs. and the base offense level would have been 16. This level, and Cox's criminal history of I, would have yielded a sentencing range of twenty-one to twenty-seven months.
 
 
 5
 The district court concluded that Cox's sentence should be altered pursuant to 18 U.S.C. Sec. 3582(c)(2), the statutory provision permitting modification of a sentence in certain circumstances when the applicable guideline range has been lowered. The district court decided that, although Cox deserved less than the previously imposed seventy-eight month term, the court lacked the authority to lower the sentence below the statutorily-mandated sixty month minimum of 21 U.S.C. Sec. 841(b)(1)(B)(v). Cox appeals this latter portion of the district court's decision as being contrary to traditional notions of lenity and due process.
 
 
 6
 The district court's decision finds support in the plain language of the guidelines. The final sentence of the background commentary on U.S.S.G. Sec. 2D1.1, as amended, expressly provides that
 
 
 7
 this approach [of excluding carrier medium weight in LSD offenses] does not override the applicability of "mixture or substance" for the purpose of applying any mandatory minimum sentence (see Chapman; Sec. 5G1.1(b)).
 
 Under U.S.S.G. Sec. 5G1.1(b)
 
 8
 [w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.
 
 
 9
 See also United States v. Tucker, 20 F.3d 242 (7th Cir.1994) (calculation of drug quantity for purposes of Sec. 2D1.1 does not affect applicability of minimum sentence mandated by statute); United States v. Neal, 846 F.Supp. 1362 (C.D.Ill.1994); Woolston v. United States, 840 F.Supp. 1, 2 (D.Me.1993).
 
 
 10
 Accordingly, the motion for the appointment of appellate counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.