PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 10/30/96**

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 96-2024

DAVID H. TORRES,

Defendant-Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. Nos. CIV-95-1499-JC & CR-92-478-JC)

---

Submitted on the briefs:

John J. Kelly, United States Attorney, Louis E. Valencia, Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

Joseph W. Gandert, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

---

Before BRORBY, BARRETT, and EBEL, Circuit Judges.

---

BRORBY, Circuit Judge.

---

After appellant David Torres was sentenced for his marijuana-related convictions, the Sentencing Commission revised the applicable sentencing guideline and lowered the sentencing range. Seeking to benefit from the guideline change, Mr. Torres filed this motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). Because Mr. Torres had been sentenced to the mandatory minimum sentence, and the requested sentence under the guideline change is lower than the mandatory minimum, he contends that he qualifies for the "safety valve" exception to the mandatory minimum sentence, 18 U.S.C. § 3553(f). He concedes that the effective date of § 3553(f) is after the date his sentence was imposed and that the section is not retroactive, but contends that consideration of his § 3582(c)(2) motion requires de novo resentencing under current law, which would include § 3553(f). We agree with the district court that § 3582(c)(2) and related sentencing guidelines do not contemplate fully de novo resentencing, and that Mr. Torres is not entitled to relief under the safety valve exception. We therefore affirm the court's denial of his § 3582(c)(2) motion.[1]

The facts are not in dispute. Mr. Torres pleaded guilty to one count of conspiracy, in violation of 21 U.S.C. § 846, and one count of manufacturing more

_____

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

than 100 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. On March 11, 1993, the district court sentenced him to the statutorily required minimum sentence of 60 months, 21 U.S.C. § 841(b)(1)(B), notwithstanding that the then-applicable guideline range was 46 to 57 months. See U.S.S.G. § 5G1.1(c).

Effective November 1, 1995, the Sentencing Commission amended the method for determining the weight of marijuana plants. Instead of the previous "one plant equals one kilogram" ratio where 50 or more plants were involved, the amended guidelines treat each plant as the equivalent of 100 grams of marijuana, unless the actual weight is greater. See U.S.S.G. App. C, Amendment 516, amending U.S.S.G. § 2D1.1(c). The guidelines expressly make Amendment 516 retroactive. § 1B1.10(c). Pursuant to Amendment 516, Mr. Torres' guideline range is 18 to 24 months. But the mandatory minimum is still 60 months. Mr. Torres contends that he should be relieved from the effect of the mandatory minimum through application of 18 U.S.C. § 3553(f), which allows a court to impose a sentence pursuant to the guidelines without regard to the statutory minimum sentence where the defendant meets certain requirements.[2] The district

---

[2] For a defendant to be entitled to the benefit of § 3553(f), the court must find that (1) he does not have more than one criminal history point; (2) he did not use violence or possess a firearm in connection with the offense; (3) the offense did not result in death or serious bodily injury; (4) the defendant was not

(continued...)

-3-

court held that, even assuming Mr. Torres met § 3553(f)'s requirements, § 3353(f) was not applicable to this case because it was not effective until September 23, 1994, after the date Mr. Torres was sentenced.

We review the district court's interpretation of a statute and the sentencing guidelines de novo.  United States v. Acosta-Olivas, 71 F.3d 375, 377 (10th Cir. 1995).  As we explained in Acosta-Olivas,

> Section 3553(f) was enacted as a "safety valve" to permit courts to sentence less culpable defendants to sentences under the guidelines, instead of imposing mandatory minimum sentences.  As the legislative history of the section states, without such a safety valve, for "the very offenders who most warrant proportionally lower sentences--offenders that by guideline definitions are the least culpable--mandatory minimums generally operate to block the sentence from reflecting mitigating factors."  H.R. Rep. No. 103-460, 103d Cong., 2d Sess., 1994 WL 107571 (1994).  This would have the unfortunate effect that the "least culpable offenders may receive the same sentences as their relatively more culpable counterparts."  Id.

71 F.3d at 378.  Enacted as part of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. 103-322, 108 Stat. 1796, the safety valve exception applies to all sentences imposed on or after September 23, 1994, id. § 80001(c), and it is not retroactive.  See United States v. Rodriguez-Lopez, 63 F.3d 892, 893 (9th Cir. 1995); United States v. Lopez-Pineda, 55 F.3d 693, 697

---

[2](...continued)
an organizer or leader of others in the offense; and (5) the defendant has provided all evidence and information he has regarding the offense and related offenses to the government.

n.3 (1st Cir.), <u>cert. denied</u>, 116 S. Ct. 259 (1995); U.S.S.G. § 1B1.10(c)(omitting Amendment 509, which incorporated § 3553(f) into the guidelines as § 5C1.2, from list of amendments to be applied retroactively).

On appeal, Mr. Torres concedes that § 3553(f) cannot be applied retroactively to sentences, such as his, that were imposed before September 23, 1994. Instead, he contends that because his § 3582(c)(2) motion asks that he be resentenced pursuant to Amendment 516, the court should apply the law in effect at the time of resentencing, which would include § 3553(f). In support of this contention, he cites <u>United States v. Ziegler</u>, 39 F.3d 1058 (10th Cir. 1994).

We agree with Mr. Torres that when we remand a case to the district court with instructions to vacate the sentence and resentence the defendant, "the district court [is] governed by the guidelines in effect at the time of resentence," subject of course to the ex post facto clause. <u>Ziegler</u>, 39 F.3d at 1063-64 & n.2; <u>see also</u> 18 U.S.C. § 3553(a)(4). But that is not the situation Mr. Torres is in. There has been no vacation of his sentence nor any order for resentencing. <u>Cf.</u> <u>United States v. Polanco</u>, 53 F.3d 893, 898-99 (8th Cir. 1995)(vacating sentence and directing district court to consider § 3553(f) in resentencing on remand), <u>cert.</u>

denied, 116 S. Ct. 2555 (1996).  Rather, he seeks relief pursuant to § 3582(c)(2),

which is a different animal.[3]

Section 3582(c)(2) provides that

in the case of a defendant who has been sentenced to a term of
imprisonment based on a sentencing range that has subsequently been
lowered by the Sentencing Commission pursuant to 28 U.S.C.
§ 944(o), . . . the court may reduce the term of imprisonment, after
considering the factors set forth in section 3553(a) to the extent that
they are applicable, if such a reduction is consistent with applicable
policy statements issued by the Sentencing Commission.

Thus, Mr. Torres' eligibility for a reduction in sentence is "inexorably tied,"

United States v. Mueller, 27 F.3d 494, 496 (10th Cir. 1994), to U.S.S.G.

§ 1B1.10, which contains the Commission's applicable policy statements.  That

section in turn states that

[i]n determining whether, and to what extent, a reduction in sentence
is warranted for a defendant eligible for consideration under
18 U.S.C. § 3582(c)(2), the court should consider the sentence that it
would have imposed had the amendment(s) to the guidelines listed in
subsection (c) been in effect at the time the defendant was sentenced.

§ 1B1.10(b).  As noted earlier, subsection (c) does not include the amendment

providing the safety valve exception.  Moreover, the commentary to this section

underscores the limit placed on what guideline changes may be considered:  "In

---

[3]     Contrary to Mr. Torres' assertion in his reply brief, nothing in United
States v. Ono, 72 F.3d 101 (9th Cir. 1995), indicates that a § 3582 motion should
be treated the same as a de novo resentencing following vacation of a sentence by
the district court.

determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. <u>All other guideline application decisions remain unaffected.</u>" Application Note 2 (emphasis added); <u>see also</u> <u>Mueller,</u> 27 F.3d at 496 ("The clear import of [§ 1B1.10(b)] is the sentencing court determines the applicability of the new guideline in the context of the circumstances in existence at the time the sentence was originally imposed.").

Mr. Torres' contention that a § 3582(c)(2) motion requires resentencing under all then-current sentencing guidelines would negate the limit on retroactivity provided by § 1B1.10. At the time he was originally sentenced, he was subject to the mandatory minimum. 21 U.S.C. § 841(b)(1)(B) states, "In the case of a violation of subsection (a) of this section involving . . . (vii) 100 kilograms or more of a mixture or substance containing a detectible amount of marijuana, <u>or 100 or more marijuana plants regardless of weight</u>; . . . such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years . . . ." (Emphasis added.) The safety valve exception is specifically excluded from retroactive application by § 1B1.10, and Mr. Torres cannot evade the plain language and effect of this section by characterizing his § 3582(c)(2) motion as requiring de novo resentencing. "If Congress or the

Commission wanted a contrary result, they would have said so." Mueller, 29 F.3d at 497.

AFFIRMED.