**UNITED STATES COURT OF APPEALS**
**Filed 1/2/97**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

  v.

PABLO LUIS GOMEZ ANGARRA,

   Defendant-Appellant.

No. 96-6167
(D.C. No. CIV-95-441-A)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **LOGAN** and **MURPHY**, Circuit Judges.

   After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

 [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Pablo Louis Gomez Angarra appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction in sentence. In this third effort to obtain a lower sentence,[1] defendant seeks the benefit of the "safety valve" provision of USSG § 5C1.2(1)-(5) providing for sentences below the mandatory statutory minimum in certain circumstances. Defendant is now serving the mandatory minimum term but raises various arguments why he qualifies for further relief. The government erroneously conceded that § 5C1.2, which became effective approximately two years after defendant's original sentencing, may be applied retroactively. The district court did not discuss retroactivity, but concluded that defendant did not meet the § 5C1.2(5) criteria of truthful disclosure.

A defendant may seek modification of a term of imprisonment when the Sentencing Commission later lowers the applicable sentencing range. 18 U.S.C. § 3582(c). A reduction in sentence, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(2). The policy statement at § 1B1.10(c) does not include Amendment 509, which added § 5C1.2, among the amendments to be applied retroactively. Therefore, we have held that § 5C1.2 may not be applied retroactively to a sentence entered before its effective date. United States v. Torres, 99 F.3d 360, 362-63 (10th Cir. 1996). Torres controls the determination of this appeal.

---

[1] Defendant received some sentencing relief pursuant to his first 28 U.S.C. § 2255 motion. I R. doc. 47. We affirmed the denial of a second § 2255 motion. United States v. Gomez, No. 96-6225 (10th Cir. filed March 1, 1996).

AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge