**UNITED STATES of America, Plaintiff,**

v.

**Alfredo Solarte MUNOZ, Defendant.**

**No. 91 CR 206–2.**

United States District Court,
N.D. Illinois,
Eastern Division.

June 27, 1997.

## *MEMORANDUM OPINION AND ORDER*

PLUNKETT, District Judge.

In 1993, Alfredo Solarte Munoz ("Munoz") pleaded guilty to a drug conspiracy charge. He was sentenced to 168 months in prison and five years of supervised release. Munoz brings this motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence. For the reasons set forth below, Munoz's motion is denied.

### *Discussion*

Two years after Munoz was sentenced, the Sentencing Commission amended the Guidelines to provide offense level reductions for certain first-time drug offenders. See United States Sentencing Commission, *Guidelines Manual,* §§ 5C1.2 and 2D1.1(b)(4) (Nov.1995). Munoz contends that he is entitled to an offense level reduction through the retroactive application of §§ 5C1.2 and 2D1.1(b)(4). Munoz is mistaken.

This Court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement in this case is U.S.S.G. § 1B1.10. It lists the Guidelines amendments to be applied retroactively and states: "[i]f none of the amendments listed in [the policy statement] is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not ... authorized." *Id.*

The Guidelines under which Munoz seeks a sentence reduction were added by amendments 509 (§ 5C1.2) and 515 (§ 2D1.1(b)(4)). Neither of these amendments is listed in the policy statement on retroactive application. *See* U.S.S.G. § 1B1.10(c), p.s. Thus, neither can be applied retroactively. *United States v. Torres,* 99 F.3d 360, 362–63 (10th Cir. 1996), *cert. denied,* — U.S. ——, 117 S.Ct. 1273, 137 L.Ed.2d 350 (1997); *see also Ebbole v. United States,* 8 F.3d 530, 539 (7th Cir. 1993), *cert. denied,* 510 U.S. 1182, 114 S.Ct. 1229, 127 L.Ed.2d 573 (1994) (analyzing retroactivity under prior version of U.S.S.G. § 1B1.10).

### *Conclusion*

For the reasons stated above, Munoz's motion to modify his sentence is denied.