UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4099

CARLOS EDWIN MCGILL,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-90-454-WMN)

Submitted: December 30, 1997

Decided: January 26, 1998

Before HALL and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William B. Purpura, Baltimore, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, John V. Geise, Assistant United
States Attorney, Barbara S. Skalla, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carlos Edwin McGill was sentenced in 1992 to a term of 235 months imprisonment after he was convicted on two charges of trafficking in crack cocaine. In 1994, Amendment 505 to the federal sentencing guidelines reduced the offense level applicable to his offense. The amendment was retroactive. See U.S. Sentencing Guidelines Manual § 1B1.10(c) (1995). McGill moved for a sentence reduction under 18 U.S.C.A. § 3582(c)(2) (West Supp. 1997), and also asked for application of the safety valve provision added since his sentencing by Amendments 509 and 515. See USSG§§ 2D1.1(b)(4), 5C1.2. Amendments 509 and 515 were not made retroactive by the Sentencing Commission. See USSG § 1B1.10(c). At a hearing on McGill's motion to reduce his sentence under § 3582(c)(2), the district court held that the safety valve provision was not applicable and that McGill would not qualify for a reduction under the safety valve provision even if it was available to him. The court reduced McGill's offense level and imposed a sentence of 188 months imprisonment, the low point of the new guideline range. McGill appeals, contending that he was entitled to application of the guidelines in effect on the day he was resentenced and to a reduction under the safety valve provision. We affirm.

Pursuant to § 3582(c)(2), the district court may reduce a sentence previously imposed when the sentencing range is later lowered by the Sentencing Commission "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The applicable policy statement is USSG § 1B1.10, which permits a sentence reduction when the defendant's guideline range has been lowered as a result of an amendment listed in subsection (c), but not otherwise. The commentary further states: "In determining the amended guideline range . . . the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline

2

provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected." USSG § 1B1.10, comment. (n.2). The district court thus may consider a reduction in sentence pursuant to a collateral motion under § 3582(c)(2) only when the relevant amendment is specifically made retroactive and is listed in USSG § 1B1.10(c). See United States v. Drath, 89 F.3d 216, 217-18 (5th Cir. 1996). Consequently, a reduction in sentence pursuant to § 3582(c)(2) is not a de novo resentencing under the guidelines in effect on that date. See United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997); United States v. Adams, 104 F.3d 1028, 1030-31 (8th Cir. 1997); United States v. Torres, 99 F.3d 360, 361 (10th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3630 (U.S. Mar. 17, 1997) (No. 96-7743). The district court correctly determined that the safety valve provision was unavailable to McGill. We need not consider whether he would have qualified for the reduction had it been available.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED