FILED
United States Court of Appeals
Tenth Circuit

February 19, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

TROY T. COLEMAN,

      Defendant - Appellant.

No. 08-5113
(N.D. Okla.)
(D.Ct. No. 4:89-CR-00090-HDC-3)

_____

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1. The case is therefore ordered submitted without oral argument.

      Troy Coleman appeals from an 18 U.S.C. § 3582(c)(2) resentencing on a crack cocaine offense. Because the issues he raises have been recently resolved contrary to his position, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In 1990, Coleman was convicted of conspiracy and possession with intent to distribute crack cocaine in violation of 18 U.S.C. §§ 846, 841(a)(1). The Presentence Investigation Report (PSR) determined Coleman's offense level was 38, which included a 2-level increase for possession of a firearm during the commission of the offense. His Criminal History Category was V. The guideline range was imprisonment for 360 months to life. The district court sentenced him to 360 months. We affirmed. *United States v. Coleman*, 947 F.2d 1424 (10th Cir. 1991).

In 2007, the United States Sentencing Commission amended the drug quantity table in USSG §2D1.1(c) to reduce the sentencing disparity between crack cocaine and powder cocaine. USSG App. C, Amend. 706 (2007). The amendment reduced the base offense level for crack-cocaine-related offenses by two levels. It was made retroactive. *See United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008).

Wishing to take advantage of the amendment's retroactive effect, Coleman petitioned the court for a sentence reduction, as permitted by 18 U.S.C. § 3582(c)(2). Under the amended guidelines his sentencing range was 292 to 365 months. He also requested a downward variance based on the continuing disparity within the crack and powder cocaine sentencing guidelines (even after Amendment 706) as recognized in *Kimbrough v. United States*, 128 S. Ct. 558

(2007). The court reduced his sentence to 302 months, but denied his request for a variance.

Coleman now claims the district court erred, substantively by denying a variance and procedurally by failing to sufficiently explain its denial.

## II. DISCUSSION

Our discussion is brief because the issues presented have been resolved in this circuit. "The scope of a district court's authority in a resentencing proceeding under § 3582(c)(2) is a question of law that we review de novo." *Rhodes*, 549 F.3d at 837. A district court is without authority to grant a variance from the amended crack cocaine guidelines in sentence modification proceedings. *Id.* at 841. Since the court had no authority to vary from the guidelines, its reasons for refusing to do so are of no moment.

In a brief submitted by counsel, Coleman relies on the holding of *Kimbrough*, which recognized that in an original sentencing proceeding, the sentencing guidelines relevant to crack cocaine offenses must be applied in an advisory manner, subject to the particular circumstances of each case. 128 S. Ct. at 574-76. Coleman asserts the district court's denial of his request for a variance at his resentencing was based on a misstatement of the law set forth by the Supreme Court in *Kimbrough*. We need not critique the district court's *Kimbrough* analysis. It was without authority to grant a variance at resentencing, whether based on *Kimbrough* or not.

-3-

In counsel's brief, Coleman also argues a district court retains discretion to vary below the amended guideline range at resentencing proceedings because *United States v. Booker*, 543 U.S. 220 (2005), made the sentencing guidelines advisory. This argument relies on the rationale set forth in *United States v. Hicks*, 472 F.3d 1167, 1170-71 (9th Cir. 2007). We specifically rejected this reasoning in *Rhodes* because "modification proceedings under § 3582(c)(2) are much more narrow in scope than original sentencing proceedings" and the statute's plain language only authorizes a reduction if it is consistent with applicable policy statements issued by the Sentencing Commission. *Rhodes*, 549 F.3d at 840. The applicable policy statements are contained in USSG §1B1.10[1] and limit the court's discretion – if it determines a reduction is warranted, it may only resentence within the modified guideline range. *Id.*

Finally, Coleman filed a *pro se* motion for leave to file a supplement brief on December 22, 2008, which essentially included his arguments. He alleged the district court erred by not revisiting its previously imposed sentence to correct what he views as errors in the original guideline computations[2] and by not completely recalculating his base offense level. He errs.

---

[1] All references to the United States Sentencing Guidelines are to the 2008 version unless otherwise stated.

[2] Coleman's attempt to get a second bite at the apple fails. He raised these issues on his direct appeal and we upheld the district court's computation of the offense level and criminal history score. *See Coleman*, 947 F.2d at 1424.

With few exceptions a court may not modify an imposed term of imprisonment. 18 U.S.C. § 3582(c). One exception arises under § 3582(c)(2) which grants narrowly circumscribed authority to correct specific inequities the Sentencing Commission has identified. It is not an invitation for a plenary resentencing. A district court is only authorized to

> reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The applicable policy statements issued by the Sentencing Commission are set forth in §1B1.10 and provide, in pertinent part, that proceedings under 18 U.S.C. § 3582(c)(2) do not constitute a full resentencing of the defendant, and that a district court, in determining whether, and to what extent, a reduction in sentence is warranted, shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

*Rhodes*, 549 F.3d at 840 (quotations and citations omitted).

The district court is in no way obligated to reduce a sentence simply because the Sentencing Commission amended the guidelines. Its decision whether to reduce a sentence is discretionary and informed in part by the § 3553(a) factors. *See United States v. Mueller*, 27 F.3d 494, 497 n.5 (10th Cir. 1994) ("Under the provisions of 18 U.S.C. § 3582(c)(2), reduction is discretionary, guided to the extent they are applicable by the factors contained in 18 U.S.C. § 3553(a).") (citation omitted); *see also* 18 U.S.C. § 3582(c)(2) ("[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission . . . the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable . . . .") (emphasis added). In making a determination to reduce, the court must also consider the risk to the public's safety and may consider the defendant's post-sentencing conduct. *See* USSG §1B1.10, comment. (n.1(B)(ii)-(iii)). Exercising its discretion, the district court determined a reduction of Coleman's sentence was warranted. The extent of any reduction is also discretionary.

In deciding the extent of any reduction, a district court is required to consider the § 3553(a) factors, the danger to the public's safety posited by a reduction and is allowed to consider Coleman's post-sentencing conduct. *See id.* The district court did so and detailed its reasons for imposing a mid-guideline sentence (302 months). It specifically noted Coleman's "criminal history includes several crimes of violence . . . his conduct while imprisoned . . . includes several violations, some carrying the potential of jeopardizing the safety of the institution and others . . . ." (R. Vol. I, Doc. 200 at 2.)

Because Coleman was resentenced within the amended guideline range, we presume his sentence is reasonable. *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). A defendant may rebut this presumption by demonstrating the sentence is unreasonable in light of the other § 3553(a) factors. *Id.* But Coleman has failed to do so.

As in all sentencing decisions, our substantive review is for an abuse of

discretion. *United States v. Angel-Guzman*, 506 F.3d 1007, 1014-15 (10th Cir. 2007). We see no abuse of discretion and, accordingly, no substantive sentencing error. Because the court provided a reasoned analysis of the relevant factors in deciding to grant a reduction and the extent of such reduction, it committed no procedural error.

We have considered the arguments presented in Coleman's *pro se* filings. We deny his motion to file a supplemental brief as moot.

**AFFIRMED**.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge