FILED
United States Court of Appeals
Tenth Circuit

September 14, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARCONIA LYNN GREEN,

    Defendant-Appellant.

No. 15-6098

(D.C. No. 5:10-CR-00079-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.[**]
_____

In 2011, the district court sentenced Defendant Marconia Green to 130 months'
imprisonment after he pleaded guilty to three counts of using a communication facility to
facilitate the acquisition of cocaine powder in violation of 21 U.S.C. § 843(b). Three
years later, Defendant, appearing pro se, petitioned the court to modify or reduce his
sentence pursuant to 18 U.S.C. § 3582(c)(2) after he learned of the addition of
Amendment 782 to the United States Sentencing Guidelines (USSG). That Amendment
"reduces by two levels the [base] offense levels assigned" to certain drug-trafficking

---

[*] This order and judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

offenses. U.S. Sentencing Guidelines Manual app. C, amend. 782 (Supp. 2014). The district court denied this request. The court subsequently denied an additional "letter-motion" the Defendant authored that the court interpreted to request similar relief. Defendant now appeals these denials as a "violation of his constitutional rights." Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

A grand jury initially charged Defendant with seven counts of possession with intent to distribute both cocaine base and powder and three counts of using a communication facility to facilitate the acquisition of cocaine powder in 2010. Pursuant to a plea agreement, the government dismissed the seven counts relating to possession, and Defendant pleaded guilty to the three communication-facility counts. The presentence investigation report (PSR) placed Defendant in criminal history category VI and observed that had the seven possession counts not been dismissed, Defendant's total offense level would have been 31 with a corresponding guideline range of 188 to 235 months' imprisonment. The PSR, however, concluded that the absence of the dismissed counts lowered Defendant's total offense level to 25, which corresponded to a guideline range of 110 to 137 months' imprisonment. Moreover, the parties had stipulated to a lesser amount of cocaine base in the plea agreement than the amount the PSR recommended. The PSR noted that if the court accepted this stipulation, it would further lower Defendant's total offense level to 23 with a corresponding guideline range of 92 to 115 months' imprisonment.

2

The district court accepted the stipulation but imposed an upward-variant sentence of 130 months' imprisonment—15 months more than the high end of the guideline range—after noting Defendant's extensive criminal history and the need to deter him from further criminal acts. Defendant directly and collaterally attacked his conviction and sentence, but both attempts failed. *See United States v. Green*, 504 F. App'x 771 (10th Cir. 2012); *United States v. Green*, 548 F. App'x 557 (10th Cir. 2013).

Thereafter in November 2014, Amendment 782 to the USSG became effective. Defendant noted that this Amendment could potentially reduce his sentence by lowering his total offense level from 23 to 21. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (Supp. 2014). In December he asked the district court to apply Amendment 782 to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) authorizes a district court to amend a defendant's "term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The district court denied this motion on February 24, 2015, without significant explanation.

On April 9, Defendant—either unaware of or disregarding the court's denial—filed a "letter-motion" in the district court asking the court to appoint him counsel in his previous request for a reduced sentence. He wrote the court once more on May 4, providing it with further information and details about himself to help the court in its "determination on a two-point reduction." The court, unsure of what to make of the "letter-motion," held that it plausibly could be "construed as a motion for reconsideration of the court's denial of defendant's § 3582(c)(2) motion" and ultimately denied this

3

motion on May 7. Defendant learned of this denial on May 12 and mailed his notice of appeal to the district court on May 21. This notice of appeal was ultimately filed on May 22 and alleged that the district court "violat[ed] . . . his constitutional rights" when the court denied his "reduction of sentence pursuant to Amendment 782" and his "letter motion requesting appointment of counsel."

## II.

As an initial matter, it is unclear whether Defendant's notice of appeal challenges the district court's February 24 order denying his motion to modify or reduce his sentence, or whether it challenges the district court's May 7 order denying his motion to reconsider. Practically, the distinction makes little difference: Defendant's arguments on appeal fail regardless of the ruling they are challenging.

We first operate under the assumption that Defendant is challenging the district court's February 24 order. A motion to modify or reduce a sentence under § 3582(c)(2) is a continuation of the prior criminal proceeding. *United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003). Thus, the time requirements of Fed. R. App. P. 4(b)(1)(A) apply. This rule mandates that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." Although this rule is not jurisdictional in nature and gives us discretion to hear an untimely appeal in certain situations,[1] *United States v.*

---

[1] Namely, we have discretion when the government has not challenged the timeliness of the defendant's notice of appeal in its response brief, the court has raised the issue of untimeliness *sua sponte*, or the district court has extended the filing period pursuant to Fed. R. App. P. 4(b)(4). *See United States v. Randall*, 666 F.3d 1238, 1241 &

4

*Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011), it is still inherently "inflexible," *United States v. Garduño*, 506 F.3d 1287, 1291 (10th Cir. 2007), and "must be enforced by this court when properly invoked by the government." *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008).

Defendant filed his notice of appeal on May 22, 2015. This well exceeds the fourteen-day filing limit from the date of entry of the district court's February 24 order. Because the Government "properly invoked" a Rule 4(b)(1)(A) challenge to the timeliness of Defendant's appeal in its response brief, and because Defendant proffers no arguments contending that his delay in filing should be excused, Defendant's notice of appeal as it relates to the February 24 order denying his motion to modify or reduce his sentence is barred for untimeliness.

## III.

Even if Defendant could somehow overcome his deficient filing, his challenge to the district court's February 24 order would fail on the merits. We review a district court's denial of a motion to modify or reduce a sentence for abuse of discretion. *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012). Nothing indicates that the district court abused its discretion. Given Defendant's criminal history and his lenient plea agreement, the court's decision not to reduce his sentence appears justified.

The Supreme Court has fashioned a two-step inquiry that district courts must follow when considering a defendant's motion under § 3582(c)(2). *Dillon v. United*

---

n.5 (10th Cir. 2011); *United States v. Mitchell*, 518 F.3d 740, 750–51 (10th Cir. 2008); Fed. R. App. P. 4(b)(4).

5

*States*, 560 U.S. 817, 826–27 (2010). First, the district court must determine that the defendant is *eligible* for a reduction. *Id.* at 827. Second, the district court must "consider any applicable § 3553(a) factors" and determine whether the defendant should *actually receive* a reduction in light of "the particular circumstances of the case." *Id.*

Defendant collapses these two steps and asserts that he "should have been granted the reduction in sentence because he fell within the criteria of [Amendment 782]." This is not the case. The Government itself concedes Defendant is eligible under Amendment 782 for a reduced sentence, but eligibility alone does not mandate relief under § 3582(c)(2). *United States v. Mueller*, 27 F.3d 494, 497 n.5 (10th Cir. 1994). Instead, a district court's authority to reduce a sentence is entirely discretionary. *Id.*

The district court weighed the particular circumstances of Defendant's case pursuant to the § 3553(a) factors and felt that a reduced sentence was not appropriate. Although the district court did not explicitly outline each factor in its February 24 order, the court's remarks at the initial sentencing hearing explaining its decision to upwardly vary Defendant's sentence shed light on this decision. Specifically, the court found that Defendant was "a killer, . . . a malingerer, . . . [and] a recidivist crack dealer"; that, as a result, any sentence it imposed would merely be "an interruption in [Defendant's] criminal career"; and, most significantly, that "the law does not significantly restrain [Defendant's] conduct." Given this was the *eighteenth time* by a "conservative count" Defendant had been criminally prosecuted, the district court's reasons for the upward variance—that is, the need for "deterrence" and "to prevent [Defendant] from continuing [his] criminal career"—were well-founded. And if the upward variance was well-

6

founded, surely the district court's decision to deny Defendant's § 3582(c)(2) motion to reduce his sentence was equally justified, especially since Defendant had received a shorter sentence by entering into a plea agreement. *Cf. Freeman v. United States*, 131 S. Ct. 2685, 2694 (2011) ("If the district court . . . concludes the [plea] agreement led to a more lenient sentence than would otherwise have been imposed, it can deny the [§ 3582(c)(2)] motion."). Accordingly, the district court did not abuse its discretion in denying Defendant's request to modify his sentence.

IV.

We now assume in the alternative that Defendant intended to appeal the district court's May 7 order denying his motion to reconsider. A criminal defendant's motion to reconsider his request to reduce his sentence is, like the initial motion itself, a continuation of the prior criminal proceeding. *See Randall*, 666 F.3d at 1241–42. Consequently, Rule 4(b)(1)(A) also applies to such a motion, and any notice of appeal must be filed within fourteen days of the entry of the district court's order. Although the Government has not addressed this aspect of Defendant's notice of appeal as it relates to the district court's May 7 order, we have the authority to do so *sua sponte*. *Mitchell*, 518 F.3d at 751.

Doing so now, we note that although Defendant's May 22 filing of his notice of appeal—a filing that exceeded the fourteen-day requirement by one day—makes it appear he did not satisfy Rule 4(b)(1)(A), the prison mailbox rule as codified in Fed. R. App. P. 4(c)(1) saves him from an untimely appeal. This rule states that an incarcerated prisoner's "notice [of appeal] is timely if it is deposited in the institution's internal mail

7

system on or before the last day of filing." Fed. R. App. P. 4(c)(1). Defendant placed his notice of appeal into the prison's legal mail system on May 21, exactly fourteen days after entry of the district court's May 7 order. His appeal is therefore not time-barred, and we review the district court's denial of his motion to reconsider for abuse of discretion. *Randall*, 666 F.3d at 1241.[2]

Criminal defendants may move for reconsideration, but they must do so within specified time limits. *Randall*, 666 F.3d at 1242–43. We elaborated on these time limits in *United States v. Randall*, where we held that "a motion to reconsider an order granting or denying a sentence modification under § 3582(c)(2) must be brought within the time granted to appeal that order." *Id.* at 1243. Thus, even if a defendant has filed his notice of appeal within the proper time limit, the defendant must have previously brought his

---

[2] We clarify that Defendant's alleged use of the prison's *legal* mail system shields him from Rule 4(c)(1)'s requirement that inmates using the prison's *regular* mail system provide a notarized statement or declaration under penalty of perjury of the date on which their notice of appeal was given to prison authorities. *See* Fed. R. App. P. 4(c)(1); *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1144–45 (10th Cir. 2004). We are cognizant, however, that this exemption from notarization or declaration may stand on shaky ground. *See Price v. Philpot*, 420 F.3d 1158, 1166 n.7 (10th Cir. 2005) (arguing that the *Ceballos-Martinez* rule is actually dicta and future cases may hold that even prisoners using the legal mail system must satisfy the notarization/declaration requirement). If the *Ceballos-Martinez* rule is in fact faulty in this regard, the prison mailbox rule would not protect Defendant from his day-late filing since there is no indication that he attempted to prove his date of deposit by notarization or declaration.

Nevertheless, we would still utilize our discretion to analyze the merits of Defendant's appeal from the May 7 order regardless of the application of the prison mailbox rule. *See Randall*, 666 F.3d at 1241. Defendant's filing was late by a mere day, and he is acting pro se without the aid of an attorney to help him file his claims. Taking these circumstances in their entirety, we would not be "wast[ing] judicial resources were we to reach the merits" of Defendant's appeal, especially since we raised *sua sponte* the timeliness of Defendant's notice of appeal in regard to the May 7 order. *Mitchell*, 518 F.3d at 751.

motion to reconsider to the district court *within the equivalent time limit* if he is to be in harmony with timeliness requirements. *See id.*

Defendant had fourteen days to bring his notice of appeal once the district court denied his motion to reconsider, *supra*, so he likewise only had fourteen days from the date of the district court's denial of his motion under § 3582(c)(2) to bring his motion to reconsider. The district court denied his § 3582(c)(2) motion on February 24. Thus, Defendant had until March 10 to bring his motion to reconsider. He did not actually file his "letter-motion" until April 9, nearly a month after the filing deadline. The district court was therefore correct and did not abuse its discretion in denying the motion to reconsider as untimely filed.

Accordingly, Defendant's motion to proceed *in forma pauperis* is granted, and the judgment of the district court is AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge