4 F.3d 986
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Beverly FORDE, a/k/a Cynthia Taylor, a/k/a Margaret Hescott,
Defendant-Appellant.
 No. 93-5197.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 8, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge; Claude M. Hilton, District Judge. (CR-92-429-A)
 Suzanne Little, Alexandria, Virginia, for Appellant.
 Kenneth E. Melson, United States Attorney, Mark J. Hulkower, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Beverly Forde appeals from her convictions for conspiring to distribute cocaine in violation of 21 U.S.C.A. Sec. 846 (West Supp. 1993) and for conducting a continuing criminal enterprise ("CCE") in violation of 21 U.S.C.A. Sec. 848 (West Supp. 1993). Forde argues that there was no evidence that she was an organizer, supervisor, or manager of five or more persons. Because we find sufficient evidence to support her conviction on the CCE charge, we affirm. Forde also contends that her conviction of conspiracy violates the Double Jeopardy Clause and should be vacated. As the government concedes, we must vacate this conviction.
 
 I.
 
 2
 The evidence at trial demonstrated that Forde was involved in a cocaine distribution ring. Using couriers to carry cocaine from the Caribbean Islands to New York, from New York to Maryland, and from Maryland to Virginia, Forde supplied a number of Virginia crack houses with crack cocaine. A street seller testified that Forde provided cocaine to her and to other dealers, and that the dealers would pay Forde a down payment upon receipt of the cocaine and would pay the remaining balance upon sale of the cocaine.
 
 II.
 
 3
 Forde argues that there was insufficient evidence to prove that she was an organizer, supervisor, or manager of five or more persons. Accordingly, Forde argues that the evidence failed to establish that she conducted a continuing criminal enterprise. In evaluating the sufficiency of evidence to support a conviction, we view the evidence in the light most favorable to the government, and determine if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Furthermore, we accord the benefit of all reasonable inferences to the government. Tresvant, 677 F.2d at 1021. Finally, we do not review the credibility of the witnesses. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).
 
 
 4
 Nicole Sewell testified that she, at Forde's direction, transported cocaine from New York to Maryland and Maryland to Virginia, and collected money from the drug transactions. The evidence also demonstrated that three of Forde's sisters acted as Forde's couriers on numerous occasions and that Donna Neblett transported cocaine from the Virgin Islands to New York for Forde. Finally, Sewell testified that an elderly woman named Darr transported cocaine, at Forde's direction, from the Caribbean to New York.
 
 
 5
 In considering circumstantial, as well as direct evidence, and allowing the government the benefit of all reasonable inferences from the facts proven to those sought to be established, Tresvant, 677 F.2d at 1021, we find the evidence sufficient to prove that Forde managed at least five individuals in the course of her drug transactions. Accordingly, we affirm her CCE conviction.
 
 III.
 
 6
 It is undisputed that Forde's convictions for conspiracy and CCE are based on the same conduct. Therefore, the conspiracy conviction must be vacated under the Double Jeopardy Clause. See United States v. Butler, 885 F.2d 195, 202 (4th Cir. 1989). Because the length of Forde's sentence of imprisonment is not changed by vacating the conspiracy conviction, remand is unnecessary. Accordingly, pursuant to our authority under 28 U.S.C. Sec. 2106 (1988), we modify the judgment of the district court to vacate the conspiracy conviction and to order a special assessment of $50. We affirm Forde's conviction for conducting a continuing criminal enterprise. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED