UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4227

BEVERLY FORDE, a/k/a Margaret
Hescott, a/k/a Cynthia Taylor,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-92-429-A)

Submitted: October 13, 1998

Decided: November 17, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Cheryl J. Sturm, Westtown, Pennsylvania, for Appellant. Helen F.
Fahey, United States Attorney, Thomas H. McQuillan, Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Beverly Forde seeks to appeal from the district court's order denying her motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) and her motion for a downward departure. We have reviewed the record and the district court's opinion and find no reversible error. Therefore, we deny a certificate of appealability and dismiss the appeal in part and affirm in part.

Following a jury trial, Beverly Forde was convicted of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (1994), and of conducting a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848 (1994), and sentenced to life imprisonment. On direct appeal, this Court affirmed Forde's CCE conviction but vacated her conspiracy conviction as violating the Double Jeopardy Clause. See United States v. Forde, No. 93-5197, 1993 WL 341083, at *1 (4th Cir. Sept. 8, 1993) (unpublished). Because the length of Forde's sentence of imprisonment had not changed by vacating the conspiracy conviction, we did not remand the case for resentencing.

Forde subsequently filed a combined motion to vacate, set aside, or correct her sentence pursuant to § 2255 and a motion to modify her sentence pursuant to 18 U.S.C. § 3582(c)(2) (1994). In her § 2255 motion, Forde raised various ineffective assistance of counsel claims and a Fifth Amendment claim. In her § 3582 motion, Forde moved for a reduction in sentence based on Amendment 505 of the United States Sentencing Guidelines (USSG or "Guidelines"), which would reduce Forde's base offense level from 42 to 38.**1**

_____

**1** After Forde was sentenced and her conviction was affirmed amendment 505 to USSG § 2D1.1(c) was adopted. See United States Sentencing Guidelines Manual (USSG) App. C, amend. 505 (Nov. 1, 1994). It

2

In its memorandum opinion dated August 29, 1997, the district court denied Forde's § 2255 motion on the merits, but granted her § 3582 motion holding that she was entitled to be resentenced pursuant to Amendment 505 of the Guidelines. In its order accompanying the memorandum opinion the district court expressly denied Forde's § 2255 motion, but failed to mention its disposition of her § 3582 motion.

Prior to resentencing pursuant to § 3582(c)(2), Forde filed a motion for a downward departure in her sentence from the applicable guideline range. At resentencing, on February 27, 1998, the court held that based on Amendment 505 of the Guidelines, Forde was entitled to a reduction in her base offense level from 40 to 38, and thus, sentenced her to 360 months to life imprisonment. However, the court denied her request for a downward departure.

On March 5, 1998, Forde filed a notice of appeal from "the final order entered in the above captioned matters on February 27, 1998." However, on appeal she raises issues with respect to both the district court's February 27, 1998, order denying her request for a downward departure and the district court's August 29, 1997 order denying her § 2255 motion.

Forde filed her notice of appeal on March 5, 1998, nearly six months after the court entered its order denying her § 2255 relief. Under Fed. R. App. P. 4(a)(5), a notice of appeal must be filed with the clerk of the district court within 60 days after the entry of the order appealed. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1996)). The time limits of Fed. R. App. P. 4(a) are "mandatory and jurisdictional." Id.

Forde contends that the district court's August 29, 1997, order was not a final, appealable order because the § 3582(c)(2) segment of her

_____

gives a court authority to modify a sentence under § 3582(c)(2), see USSG § 1B1.10(a), and sets the upper limit of the Drug Quantity Table in § 2D1.1 at level 38. Id. The amendment was made retroactive by the Sentencing Commission. See USSG § 1B1.10(c).

§ 2255 motion was granted and resentencing was ordered. Although Forde filed one motion seeking relief under both§ 2255 and § 3582(c)(2), the district court treated her§ 2255 motion wholly separate from her § 3582 motion. The district court's August 29, 1997, order explicitly denied Forde's § 2255 motion. Therefore, we find that it was a final appealable order and her appeal was untimely.**2**

Forde also appeals from the court's denial of her motion for a downward departure at resentencing. She contends that she is entitled to a downward departure because of the collateral consequences of her status as a deportable alien, her willingness to stipulate to her alienage and deportability, and her post-sentencing rehabilitative efforts.

A § 3582(c)(2) resentencing is a not a de novo resentencing proceeding, but merely a form of limited remand. United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997) (holding that "§ 3582(c)(2) and related sentencing guidelines do not contemplate a full de novo resentencing"); United States v. Torres, 99 F.3d 360, 361 (10th Cir. 1996), cert. denied, 65 U.S.L.W. 3630 (U.S. Mar. 17, 1997) (No. 96-7743). "In determining the amended guideline range under . . . [USSG § 1B1.10(b)], the court shall substitute only the [retroactive] amendment[ ] . . . for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected." USSG§ 1B1.10, comment. (n.2) (Nov. 1, 1994). We therefore find that the district court should have declined to re-examine whether a downward departure was warranted at resentencing.

Accordingly, we deny a certificate of appealability and dismiss the appeal as to the § 2255 claims and affirm the denial of Forde's motion for downward departures in sentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

DISMISSED IN PART; AFFIRMED IN PART

_____

**2** Alternatively, we find that Forde failed to make a "substantial showing of the denial of a constitutional right" on her § 2255 claims, and therefore, is not entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(1), (2) (1994).