**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MARCONIA LYNN GREEN,

      Defendant - Appellant.

No. 13-6224
(D.C. Nos. 5:13-CV-00631-F and
5:10-CR-00079-F-1)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

---

Marconia Lynn Green seeks to attack collaterally his conviction and
sentence for federal drug charges. 28 U.S.C. § 2255. The district court analyzed
Mr. Green's arguments in a detailed 15 page memorandum before ultimately
rejecting both them and Mr. Green's request for a certificate of appealability
(COA).

Now before us, Mr. Green renews his request for a COA. To succeed, he
must make a "substantial showing of the denial of a constitutional right." 28

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 2253(c)(2). And to do that, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Mr. Green submits he meets this standard for three separate reasons. Ultimately, we cannot agree.

First, Mr. Green argues that his trial counsel provided constitutionally ineffective performance because counsel incorrectly estimated that he (Mr. Green) would receive a sentence at the low end of the advisory guidelines range. As the district court explained, however, this court has held that an "erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Even assuming deficient performance, moreover, to succeed on a claim for ineffective assistance Mr. Green must show prejudice. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). And this he cannot do because the district court expressly advised him that his sentence could be much higher than the low end of the guidelines' range, advice Mr. Green repeatedly said he fully understood. *See* D.Ct. Op. at 9-11.

Second, Mr. Green says his trial counsel was ineffective because counsel failed to object to the district court's decision at sentencing to hold him

2

accountable for drug quantities beyond those expressly mentioned in Mr. Green's plea agreement with the government. But as the district court explained, counsel did not perform deficiently because any objection along these lines would have been without merit under existing law. The advisory sentencing guidelines expressly state that "[d]rug quantities associated with illegal conduct for which a defendant was not convicted are to be accounted for in sentencing, if they are part of the same conduct for which the defendant was convicted." *United States v. Mendez-Zamora*, 296 F.3d 1013, 1020 (10th Cir. 2002) (citations omitted). That, everyone acknowledges, is exactly what happened here and a lawyer doesn't provide constitutionally deficient service by failing to pursue an argument clearly foreclosed by existing law.

Finally, Mr. Green contends his counsel on direct appeal was ineffective because he didn't argue that Mr. Green's plea was unknowing and involuntary when it came to the sentence he might receive. While Mr. Green's counsel did not raise this issue until his reply brief, and therefore waived the issue, it was without merit because (again) the plea colloquy shows that Mr. Green was fully advised of and understood the scope of sentencing possibilities in his case. As the district court explained, appellate counsel didn't perform deficiently — and Mr. Green could not have been prejudiced — by counsel's failure to preserve and pursue a meritless argument.

3

Mr. Green's request for a COA is denied.  His request to proceed *in forma pauperis* is denied.  Mr. Green is reminded that he must pay the filing and docket fees in full to the clerk of the district court.  This matter is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge