FILED
United States Court of Appeals
Tenth Circuit

April 6, 2018

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARCONIA LYNN GREEN,

    Defendant - Appellant.

No. 17-6001

_____

**Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. 5:10-CR-00079-F-1)**
_____

Meredith B. Esser, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender and Dean Sanderford, Assistant Federal Public Defender, on the briefs), Denver, Colorado, for Defendant-Appellant.

Steven W. Creager, Assistant United States Attorney (Mark A. Yancey, United States Attorney, with him on the briefs), Oklahoma City, Oklahoma, for Plaintiff-Appellee.
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

**BALDOCK**, Circuit Judge.
_____

In 2011, Defendant Marconia Green pleaded guilty to three counts of using a communication facility to facilitate the acquisition of cocaine powder in violation of 21 U.S.C. § 843(b). The district court sentenced him to 130 months' imprisonment.

Three years after Defendant's sentencing, the U.S. Sentencing Commission promulgated Amendment 782, which reduced the base offense levels assigned to certain drug offenses by two levels. Invoking this amendment, Defendant filed a motion to reduce his sentence under 18 U.S.C § 3582(c)(2). The district court denied the motion, and this Court affirmed. Over a year later, Defendant filed another motion to reduce his sentence, again citing Amendment 782. The district court also denied this second motion. Defendant now appeals the denial, arguing the district court abused its discretion in not considering all the facts and circumstances of his case. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

A grand jury initially indicted Defendant on seven counts of possessing cocaine powder and cocaine base with intent to distribute and three counts of using a communication facility to facilitate the acquisition of cocaine powder. Pursuant to a plea agreement, the Government dismissed the possession charges, and Defendant pleaded guilty to the three communication-facility counts. At Defendant's sentencing hearing, the district court held Defendant's guideline range was 92 to 115 months' imprisonment. Notably, this guideline range is less than what the presentence investigation report recommended (110 to 137 months' imprisonment) and also less than what the guideline range would have been absent the plea agreement (188 to 235 months' imprisonment).

2

The district court, however, imposed an upward-variant sentence of 130 months' imprisonment. Before imposing this sentence, the court surveyed Defendant's extensive criminal history:

> [D]efendant . . . has a criminal career going back about 30 years that starts with a manslaughter conviction, proceeds to convictions for distribution of cocaine base—and here I'm ignoring ones that are less serious than that—distribution of cocaine base, violation of a protective order, another distribution of cocaine base, and then a third distribution of crack cocaine in 2004 . . . . By my conservative count, I'm the 18th judge this defendant has been in front of presumably to say that he will change his ways.

Supp. ROA Vol. I at 25. Defendant then "ask[ed] the Court to be lenient . . . with [his] sentence," explaining that he had been in drug rehabilitation for twenty-two months and realized he needed to change. *Id.* at 32–34. He also stated, "I mean, come on, I don't think what I done [sic] was really all that bad for me to have to go spend another 15 years in prison." *Id.* at 34. The court responded, "[T]hat request [for lenience] rings hollow with the Court." *Id.* at 36. After noting Defendant's lack of remorse for "the victims whose lives [he had] ruined by dispensing this horrible substance" and explaining "the need to impose a just punishment, the need for . . . deterrence, and the need for incapacitation," the court imposed the upward-variant sentence. *Id.* at 36–38. Both Defendant's direct appeal and collateral attack on his sentence failed. *United States v. Green*, 504 F. App'x 771 (10th Cir. 2012) (unpublished); *United States v. Green*, 548 F. App'x 557 (10th Cir. 2013) (unpublished).

3

Three years after Defendant's sentencing, the U.S. Sentencing Commission amended the sentencing guidelines by reducing the offense level of many drug offenses by two levels. U.S. Sentencing Guidelines Manual app. C supp., amend. 782 (U.S. Sentencing Comm'n 2016). The Commission made this amendment, Amendment 782, retroactive. *Id.*, amend. 788. Citing Amendment 782, Defendant filed a pro se motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). He argued he was eligible for a sentence reduction and that the court should grant such reduction because of the progress he had made while in prison, as evidenced by a transcript listing courses he had completed. The district court denied the motion, and this Court affirmed. *United States v. Green*, 625 F. App'x 901 (10th Cir. 2015) (unpublished).

Fifteen months later, Defendant filed another pro se motion for a reduced sentence under § 3582(c)(2). He again argued Amendment 782 rendered him eligible for such a reduction and that the court should grant a reduction because of the courses he had completed in prison. The only difference between his first and second motions was that, in his second motion, Defendant included more courses on his transcript and attached two new certificates acknowledging he had taken certain courses. The district court held that while Defendant was eligible for a reduced sentence under Amendment 782, this amendment did not mandate relief. The court then explained that his transcript of courses taken and certificates did not make a reduction appropriate. Thus, the district court denied the motion.

4

Still proceeding pro se, Defendant filed a notice of appeal to this Court, the subject of which is before us now. In his opening brief, Defendant argued the district court abused its discretion by not considering all the facts and circumstances of his case, including Defendant's clean disciplinary record while incarcerated. The Government responded that the district court lacked jurisdiction to consider Defendant's second motion for a reduced sentence under Amendment 782 or, in the alternative, the court properly denied the motion on the merits. This Court appointed counsel to represent Defendant in responding to the Government's arguments. In his supplemental briefing, Defendant argues the district court did indeed have jurisdiction. He also argues this Court should reverse the district court's denial or, in the alternative, remand for the district court to consider in the first instance whether Defendant's lack of disciplinary infractions warrants a reduced sentence.

II.

We must first determine whether the district court had jurisdiction under 18 U.S.C. § 3582(c)(2) to consider Defendant's second motion to modify his sentence under Amendment 782. Whether § 3582(c)(2) contains a jurisdictional bar to second motions based on the same guidelines amendment is a question "of considerable practical importance for judges and litigants." *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). While courts usually only resolve issues raised by the parties, courts have an ongoing obligation to determine whether adjudicating a particular case is within their subject-matter jurisdiction, even if neither party argues the court lacks jurisdiction. *Id.* Litigants may waive non-jurisdictional arguments,

5

but they cannot waive the argument that the district court lacks subject-matter jurisdiction. *Id.* at 434–35. This means parties can raise jurisdictional issues even after courts and litigants have expended many resources on the case, potentially wasting these resources and prejudicing litigants. *Id.*

In light of these severe consequences, the Supreme Court has attempted to "ward off profligate use of the term 'jurisdiction,'" *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013), by holding a statute is only jurisdictional "[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 20 n.9 (2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)). "[A]bsent such a clear statement, . . . 'courts should treat the restriction as nonjurisdictional in character.'" *Sebelius*, 568 U.S. at 153 (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006)). In applying this *clear statement* rule, courts must decide "whether Congress intended a particular provision to rank as jurisdictional," as evidenced by the context of a statute and how the Supreme Court has interpreted similar provisions. *Id*. at 153–54. While Congress need not "incant magic words" to clearly state a restriction is jurisdictional, "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar *with jurisdictional consequences*." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015) (emphasis added) (quoting *Sebelius*, 568 U.S. at 153).

Mindful of these precepts and the Supreme Court's caution against reckless use of the term "jurisdictional," we turn to 18 U.S.C. § 3582, which states in relevant part:

> (c) **Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>> . . .
>>> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Government contends § 3582(c)(2) only confers jurisdiction on district courts to consider *one* motion to modify a sentence under each amendment. Since Defendant had previously filed a motion to modify his sentence under Amendment 782, the Government argues the district court did not have jurisdiction to consider his second motion to modify his sentence under this same amendment.[1] The Government reaches this conclusion based on the reasoning that "§ 3582(c) creates a general rule

---

[1] We emphasize the district court did not construe this second motion as a motion to reconsider. While the Government states in passing the motion might be construed as a motion to reconsider, the Government does not explicitly argue it should be construed as such. Therefore, *United States v. Randall*, 666 F.3d 1238 (10th Cir. 2011)—a case about the timeliness of motions to reconsider under § 3582(c)(2)—is not controlling.

7

of non-modification; § 3582(c)(2) is an exception to that rule which should be construed narrowly." Gov't Br. at 14. Since, according to the Government, Congress spoke in clear jurisdictional terms in § 3582(c), § 3582(c)(2) can only be understood as a grant of jurisdiction.

We start with the Government's contention that because Congress spoke in clear jurisdictional terms in § 3582(c), a potential court-made rule inferred from § 3582(c)(2) is jurisdictional as well. The Government uses *United States v. McGaughy*, 670 F.3d 1149 (10th Cir. 2012)—a case that does not concern § 3582(c)(2) or successive motions—as its starting point. In *McGaughy*, this Court held Fed. R. Crim. P. 35(a)'s fourteen-day time limit, which § 3582(c)(1)(B) incorporates by reference, was a jurisdictional limitation.[2] *Id.* at 1158. In so doing, the Court stated § 3582(c) "operates as a 'clear' and mandatory restriction on a court's authority."[3] *Id.* This Court subsequently interpreted this latter statement to mean § 3582(c) is "a jurisdictional limitation on the ability of district courts to alter previously imposed sentences of imprisonment." *United States v. Spaulding*, 802

---

[2] Fed. R. Crim. P. 35(a) provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

[3] We question whether superseding Supreme Court authority has overruled *McGaughy*. In a recent case, *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13 (2017), the Supreme Court noted, "[A] time limit prescribed only in a court-made rule . . . is not jurisdictional; it is, instead, a mandatory claim-processing rule[.]" *Id.* at 1. While this statement potentially undermines *McGaughy*'s ultimate holding that Rule 35(a)'s fourteen-day time limit is a jurisdictional limit, *Hamer* does not necessarily undermine the conclusion that § 3582(c) is a jurisdictional limit. Regardless, as *McGaughy* does not directly affect our conclusion today, we do not address whether *McGaughy* is still binding precedent.

8

F.3d 1110, 1124 (10th Cir. 2015). But by "jurisdictional limitation," the Court meant a district court only has jurisdiction to modify a term of imprisonment in the three situations listed in § 3582(c). *See id.* at 1122; *see also United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005) (stating § 3582(c) provides "three jurisdictional grants"). Regardless of how the Government frames its argument, whether this case falls into one of the three categories listed in § 3582(c) is not the issue before us. Therefore, *McGaughy* and other cases' comments that § 3582(c) is a "jurisdictional limitation" are of marginal relevance to the issue in this case, which is whether § 3582(c)(2) contains a jurisdictional bar to successive motions under the same amendment.

Applying the *clear statement* rule to this issue, we cannot agree with the Government that § 3582(c)(2) contains a jurisdictional bar to successive motions under the same guidelines amendment. Such a numerical restriction on the court's jurisdiction is wholly absent from the text of the statute and, as the Government acknowledges, may only be inferred from the text by employing tools of statutory construction. *See* Gov't Br. at 10–11. Construing § 3582(c)(2) narrowly, as the Government urges, could perhaps compel the conclusion that Congress only intended one motion per amendment. But it does not, as it must, "*plainly show* that Congress imbued a procedural bar *with jurisdictional consequences*." *See Kwai Fun Wong*, 135 S. Ct. at 1632 (emphases added). Absent a *clear statement* from Congress that any potential bar on the number of motions a defendant may file per amendment is jurisdictional, we hold § 3582(c)(2) does not divest a district court of jurisdiction to

9

consider a second motion to modify a sentence under the same amendment. This holding comports with the holdings of five of our sister circuits considering second or successive § 3582(c)(2) motions. *See United States v. Caraballo-Martinez*, 866 F.3d 1233, 1245–47 (11th Cir. 2017); *United States v. May*, 855 F.3d 271, 274–75 (4th Cir. 2017); *United States v. Beard*, 745 F.3d 288, 291–92 (7th Cir. 2014); *United States v. Trujillo*, 713 F.3d 1003, 1006–08 (9th Cir. 2013); *United States v. Weatherspoon*, 696 F.3d 416, 421–22 (3d Cir. 2012).

At oral argument, the Government contended this holding "would leave open forever the district court's ability to continually modify a sentence." This is not necessarily true. Our holding does not foreclose the possibility of a non-jurisdictional bar, such as a claim-processing rule, that forbids successive motions based on the same amendment. The Government, however, did not advance any argument that § 3582(c)(2) imposes a non-jurisdictional bar. We, therefore, do not address the issue.

## III.

Having confirmed the district court had jurisdiction over Defendant's motion, we now consider the merits of Defendant's claim. Section 3582(c)(2) sets forth a two-step inquiry. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). First, a court must determine whether a defendant is eligible for a sentence reduction. *Id.* Second, the court must consider whether a sentence reduction is warranted in

10

accordance with the 18 U.S.C. § 3553(a) factors.[4] *Id.* At the second step, a court's decision to reduce a sentence is discretionary. *United States v. Mueller*, 27 F.3d 494, 497 n.5 (10th Cir. 1994). The parties do not dispute Defendant is eligible for a reduced sentence under § 3582(c)(2). Defendant only argues the district court erred in the second step of the § 3582(c)(2) inquiry by holding a reduced sentence was not warranted upon consideration of the § 3553(a) factors. Specifically, Defendant argues the district court did not consider the courses he has completed while he was in prison. We review for abuse of discretion. *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013).

In its order denying Defendant's motion for a reduced sentence, the district court referenced this Court's holding on Defendant's first motion for a reduced sentence, essentially incorporating the reasoning from that order and judgment. Therefore, the district court relied on Defendant's extensive criminal history, the need to deter further criminal conduct, and the fact that Defendant already received a

---

[4] Relevant § 3553(a) factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)   to afford adequate deterrence to criminal conduct;
    (C)   to protect the public from further crimes of the defendant; and
    (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available . . . .

shorter sentence by entering into a plea agreement. *See Green*, 625 F. App'x at 905 (unpublished). These considerations are unquestionably appropriate. *See* 18 U.S.C. § 3553(a); *cf. Freeman v. United States*, 564 U.S. 522, 532 (2011) (Opinion of Kennedy, J.) ("If the district court . . . concludes the [plea] agreement led to a more lenient sentence than would otherwise have been imposed, it can deny the [§ 3582(c)(2)] motion . . . ."). The district court then determined that Defendant's coursework while in prison and certificates of completed coursework did not overcome these considerations. This determination was well within the district court's discretion.

Defendant also argues, in his initial pro se brief, the district court did not consider his clean disciplinary record while in prison. But this fact was never presented to the district court. While we must construe Defendant's pro se pleadings liberally and hold Defendant to a less stringent standard than that of an attorney, "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). In general, appellate courts are confined to the record before the district court. *See* Fed. R. App. P. 10(a); *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) ("This court will not consider material outside the record before the district court."). As this rule also applies when a party is pro se, we cannot consider Defendant's clean disciplinary record because it was not presented to the district court.

In the alternative, Defendant argues this Court should remand to the district court so that the district court may consider in the first instance Defendant's clean disciplinary record while in prison. In general, a remand for a party to produce additional evidence is inappropriate where the party had full opportunity to present the evidence in the first instance. *See EEOC v. Westinghouse Elec. Corp.*, 925 F.2d 619, 631 (3d Cir. 1991) ("A remand should not be ordered when 'two bites of the apple' would be given to a litigant who, under circumstances such as those at bar, has neglected to produce evidence to support a desired finding and has, therefore, failed to carry its requisite burden as to a particular issue."). As Defendant's pro se status does not exclude him from this general rule, we decline to remand to the district court so that it may consider facts Defendant already had the opportunity to present to the court.

Accordingly, the district court's order is AFFIRMED.