FILED
United States Court of Appeals
Tenth Circuit

October 30, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY EDWARD KUCERA,

        Plaintiff - Appellant,

v.

CENTRAL INTELLIGENCE
AGENCY,

        Defendant - Appellee.

No. 18-2087
(D.C. No. 1:18-CV-00094-JB-GJF)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

In January 2018, Gregory Edward Kucera filed a pro se complaint against

the Central Intelligence Agency ("CIA"). But before that complaint was served

on the CIA, the district court dismissed the case without prejudice for lack of

subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

Proceeding pro se, Mr. Kucera has timely appealed that order. Exercising

appellate jurisdiction under 28 U.S.C. § 1291, we **affirm** the district court's

---

[*] This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

order.

**I**

Mr. Kucera drafted his complaint without the aid of a lawyer. Perhaps as a consequence, the finished product omitted important details. The district court took very seriously its obligation to construe Mr. Kucera's pro se complaint liberally[1] and worked hard to discern whether the complaint evinced a basis for the court's subject-matter jurisdiction. However, the court ultimately found that the complaint did not do so; its omissions were too many and its facts too few. Accordingly, the court dismissed Mr. Kucera's case for lack of subject-matter jurisdiction.

**A**

As a pro se litigant, Mr. Kucera drafted his complaint using a form offered by the district court. The form that he used was styled as a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." R. at 3 (Civil Rights Compl., filed Jan. 30, 2018). But the two causes of action that Mr. Kucera asserted did not seem to relate to a civil-rights violation cognizable under § 1983. For instance, Mr. Kucera described his first count as a "federal tort claim action." *Id.* at 5. And the second count, Mr. Kucera wrote, was "classified." *Id.* For both counts, Mr.

---

[1] *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

Kucera declined to specify which of his civil rights were violated, who violated those unspecified rights, or how those unnamed persons did so.

The supporting facts Mr. Kucera provided in the complaint form did not fill in those gaps. On his first count, he claimed the supporting facts were "classified and/or available to [a] representing attorney, once appointed." *Id.* For "further information," Mr. Kucera directed the court to "review [his] Social Security number." *Id.* The facts supporting his second count were similarly "classified." *Id.*

Although Mr. Kucera wrote a bit more in the form's section titled "Previous Lawsuits and Administrative Relief," *id.* at 6, what he wrote did not clarify things. For example, he checked the box indicating that he had "begun other lawsuits in state or federal court dealing with the same facts." *Id.* But he claimed the name of the court or courts hearing any such lawsuits, as well as the lawsuits' docket numbers, were "sealed with this court." *Id.* Mr. Kucera also checked the box to indicate that he had "previously sought informal or formal releif [sic] from appropriate administrative officials." *Id.* at 7. But that information, too, was "sealed at this courthouse." *Id.*

The only other facts that Mr. Kucera included were equally unhelpful. In the space provided to state the background of his case, Mr. Kucera again described his suit as "a federal tort claim action." *Id.* at 4. He also explained that the suit "purports to show loss of life and property due to injury and harm

3

associated with [his] relationships [with] the [CIA]." *Id.* No who, when, what, where, how, or why accompanied that allegation.

## B

The district court could not identify facts in Mr. Kucera's complaint that could evince a basis for subject-matter jurisdiction. Consequently, the district court sua sponte dismissed the case for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

The court did so, however, only after reading the complaint liberally and conducting a very thorough analysis. Specifically, the court considered the three most plausible causes of action Mr. Kucera may have been making—a § 1983 claim, a federal constitutional action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and a suit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. Unfortunately for Mr. Kucera, even reading the complaint to state one of those causes of action, the court could not identify facts in the complaint sufficient to invoke its jurisdiction.

The district court first considered whether 42 U.S.C. § 1983 might help Mr. Kucera. It did not. As the court explained, that section allows suits against persons acting under color of state, not federal, law. The CIA acts under the latter. Consequently, if Mr. Kucera intended to file a § 1983 action against the CIA, the court lacked subject-matter jurisdiction to hear that case.

Next, the court inquired whether Mr. Kucera might have intended to bring a

4

*Bivens* action. Although a *Bivens* action could lie against officers of a federal agency, like the CIA, who violate an individual's constitutional rights, Mr. Kucera had neither claimed that he was bringing a *Bivens* action nor offered facts that suggested such an action would be appropriate. Indeed, he failed to even generally allege that any member of "the CIA violated his constitutional rights." R. at 21 n.4 (Mem. Op. and Order of Dismissal, filed May 31, 2018). Thus, the court determined that *Bivens* could not solve Mr. Kucera's jurisdictional problem.

Finally, the district court considered whether Mr. Kucera meant to bring a Federal Tort Claims Act ("FTCA") suit. That perhaps made some sense. After all, Mr. Kucera had at least twice described his case as a "federal tort claim." *Id.* at 21. But even if that is what he intended, the district court determined that it did not have jurisdiction for two reasons. First, the CIA was not a proper defendant for a FTCA action because "[t]he United States is the only proper defendant" in such a suit. *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)). Second, even had Mr. Kucera named the United States as a party, the court reasoned that Mr. Kucera had not showed that he complied with § 2675(a) of the FTCA. That section requires plaintiffs to first present their claims "to the appropriate Federal agency" before suing the United States in federal court. 28 U.S.C. § 2675(a). Mr. Kucera's failure to show that he had complied with this requirement, the court reasoned, deprived it of jurisdiction over any claim Mr.

5

Kucera may have intended to bring under the FTCA with respect to the CIA's conduct. *See, e.g.*, *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (stating that § 2675(a) is jurisdictional).

In short, the district court considered and rejected what it perceived to be every possible source of jurisdiction. Therefore, the court dismissed Mr. Kucera's case without prejudice for lack of subject-matter jurisdiction.

**II**

We review a district court's order dismissing a case for lack of subject-matter jurisdiction de novo. *See, e.g.*, *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). In doing so, we are mindful that "[f]ederal courts are 'courts of limited jurisdiction.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). In accordance with this limitation, we presume that we lack jurisdiction unless "the party invoking federal jurisdiction" proves otherwise. *Full Life Hospice*, 709 F.3d at 1016 (quoting *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)).

When deciding if pro se litigants have made that showing, we construe their filings liberally. *See Ghailani v. Sessions*, 859 F.3d 1295, 1303 (10th Cir. 2017). We hold pro se filings "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

6

That said, pro se litigants must still "follow the same rules of procedure that govern other litigants." *United States v. Green*, 886 F.3d 1300, 1307 (10th Cir. 2018) (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

### III

On appeal, Mr. Kucera mounts no intelligible challenge to the district court's reasoning in dismissing his complaint. On this basis alone, we could deny him relief. *See, e.g.*, *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."); *United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived."); *see also Farrakhan-Muhammad v. Oliver*, 688 F. App'x 560, 565 (10th Cir. 2017) (unpublished) (noting that pro se litigant's argument "fails at the threshold because it is devoid of record citations and conclusory and does not even explain what the district court did wrong").

However, we have nevertheless studied Mr. Kucera's complaint de novo and conclude that he has not alleged facts sufficient to show that the district court had subject-matter jurisdiction. We reach this conclusion for substantially the same reasons as the district court.

### IV

Accordingly, we **AFFIRM** the district court's order dismissing Mr. Kucera's case for lack of subject-matter jurisdiction.[2]

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[2]    Because we affirm the district court's order dismissing the case, we **DENY** as moot *all* of Mr. Kucera's pending motions before this court, including his motion to seal the case, his motion to review classified information, and his motion to review a confidential personnel file from the CIA.