**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MILAGRO TAURUS,

     Plaintiff - Appellant,

v.

LLOYD AUSTIN, III, Secretary,
Department of Defense,

    Defendant - Appellee.

No. 21-1305
(D.C. No. 1:21-CV-01140-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Ms. Milagro Taurus sued the Department of Defense and its

Secretary. The district court could not understand the nature of the claims

and ordered amendment of the complaint. In responding to the order, Ms.

Taurus amended the complaint and supplemented the amendment with two

letters. But the district court couldn't understand the amended version of

---

[*]    Because oral argument would not materially aid our consideration of
the appeal, we have decided the appeal based on the briefs and record on
appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

the complaint and dismissed the action without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. This rule requires every plaintiff to provide a short, plain statement of the claim that shows a right to relief. Fed. R. Civ. P. 8(a)(2). Ms. Taurus has appealed.

Because she is pro se, we liberally construe Ms. Taurus's complaint, amended complaint, and appellate brief. *E.g.*, *Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002). But we too have trouble understanding her filings. Though Ms. Taurus isn't an attorney, we must apply the rules equally to all litigants. *See United States v. Green*, 886 F.3d 1300, 1307–08 (10th Cir. 2018). Our ultimate task is to determine whether Ms. Taurus showed some error in the district court's ruling. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015).

We see no error in the ruling. The rules require a short, plain statement of the claim showing a right to relief. *See* pp. 1–2, above. From the pleadings in district court, we can't discern how the Department of Defense and Secretary Austin violated a law.

On appeal, Ms. Taurus says that

- she's reported many incidents of food poisoning,

- the Department of Defense permits major upheavals, and

- there are threats to cyber security.

2

But we have trouble connecting these statements to Ms. Taurus's allegations in the complaint or the amended complaint. In the complaint, Ms. Taurus referred to the distribution and sale of scans of her brain, body, and sexual organs. R. at 9. In her amended complaint, she stated that she had been "[c]yber manipulated" by the scientific community. R. at 59. These allegations do not provide a short, plain statement of a valid claim against the Department of Defense or its Secretary. We thus affirm the dismissal without prejudice.[1]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1]    Though we affirm the dismissal, we grant the application for leave to proceed in forma pauperis.