**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 13, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

HERIBERTO GARCIA-RODRIGUEZ,

  Defendant - Appellant.

No. 22-8053
(D.C. No. 2:03-CR-00061-SWS-1)
(D. Wyo.)

_____

### ORDER AND JUDGMENT*
_____

Before **MATHESON**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

Heriberto Garcia-Rodriguez, proceeding pro se, appeals the district court's

order denying his motion for reconsideration of the court's denial of his motion for

compassionate release from federal prison under 18 U.S.C. § 3582(c)(1)(A)(i), as

---

* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat.

5194, 5239.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

## I.  BACKGROUND

### A.  *First Step Act*

The First Step Act allows federal prisoners to move for compassionate release

in district court after exhausting the Bureau of Prisons (the "BOP") administrative

remedies.  *See United States v. Maumau*, 993 F.3d 821, 830-31 (10th Cir. 2021).  The

court may grant the motion only when it finds that

    (1) "extraordinary and compelling reasons" warrant release;

    (2) release is "consistent with applicable policy statements issued by the
        Sentencing Commission"; and

    (3) release is warranted after considering the applicable 18 U.S.C. § 3553(a)
        factors.

*Id.* at 831; *see* 18 U.S.C. § 3582(c)(1)(A).  In general, "district courts may deny

compassionate-release motions when any of the three prerequisites listed in

§ 3582(c)(1)(A) is lacking."  *Maumau*, 993 F.3d at 831 n.4 (quotations omitted); *see*

*also United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021).  This appeal

turns on the first prerequisite—extraordinary and compelling reasons.

---

[1] Because Mr. Garcia-Rodriguez appears pro se, "we liberally construe his filings, but we will not act as his advocate."  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

B. *Procedural History*

Mr. Garcia-Rodriguez was convicted in 2004 of possession with intent to distribute more than 500 grams of methamphetamine. ROA at 29. He was sentenced under 21 U.S.C. §§ 841(b)(1)(A) and 851 to life imprisonment because he had two prior felony drug convictions. *Id*. at 30. We upheld his conviction and sentence on appeal. *See United States v. Garcia-Rodriguez*, 127 F. App'x 440, 452 (10th Cir. 2005). His attempts to obtain post-conviction relief under 28 U.S.C. § 2255 failed.

On October 19, 2021, having exhausted his administrative remedies with the BOP, Mr. Garcia-Rodriguez moved for compassionate release under the First Step Act. The district court rejected each of his four arguments and found no "extraordinary and compelling reasons [to] warrant release." *See* ROA at 195.

> First, he argued his life sentence is disproportionately longer than it would be today under the First Step Act. The district court rejected this ground for release, holding that under Tenth Circuit precedent, *see United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021), the lengthy sentence alone is insufficient to justify a sentence reduction. *Id.* at 188-91.
>
> Second, he urged that he has a strong record of rehabilitation. Upon review of Mr. Garcia-Rodriguez's prison record, the court concluded his rehabilitation was not so exceptional as to justify release. *Id.* at 191.
>
> Third, he said he is needed to care for his ailing mother. The court found that he provided no evidence to support this claim. *Id.* at 192.
>
> Fourth, he posited his exposure to COVID-19. The court rejected this reason because he is fully vaccinated. *Id.* at 192-93.[2]

The court thus denied the motion for compassionate release. ROA at 181-95.

---

[2] The district court also considered the 18 U.S.C. § 3553(a) factors and found they supported denial of the motion. *See* ROA at 193-94.

Mr. Garcia-Rodriguez moved for reconsideration. The district court stated that he "reiterate[d] his previous arguments," *id.* at 212, addressed them again anyway, and denied the motion on July 28, 2022, *id.* at 211-19. In his notice of appeal, Mr. Garcia-Rodriguez said he wished to challenge the July 28 order. *Id.* at 220.

## II. DISCUSSION

"We review the denial of First Step Act relief for an abuse of discretion, the same as other post-trial motions. Likewise, we review the district court's denial of a motion for reconsideration for abuse of discretion." *United States v. Warren*, 22 F.4th 917, 927 (10th Cir. 2022) (quotations and citations omitted).

On appeal, Mr. Garcia-Rodriguez does not challenge the district court's treatment of his rehabilitation argument. He addresses the life sentence, makes a COVID-19 point to support his argument about caregiving for his mother, and proposes immediate deportation as an alternative remedy.

### A. *Life Sentence*

Mr. Garcia-Rodriquez argues three points about his life sentence.

First, he notes that Sentencing Guidelines were mandatory when he was sentenced but now they are advisory. Aplt. Br. at 4. This argument is a variation on his contention that his sentence would be different today than when he was sentenced in 2004. It does not challenge the district court's conclusion that more is needed for compassionate release and that Mr. Garcia-Rodriguez had failed to present "individualized circumstances that would warrant sentence reduction." ROA at 188.

Also, the argument is misplaced because his life sentence was based on 21 U.S.C. §§ 841(b)(1)(A) and 851 and not on the Guidelines. ROA at 29.

Second, he states the Government agrees that he would not be subject to a mandatory life sentence if he were sentenced today. Aplt. Br. at 4. Relatedly, he asserts that the Government's calculated sentencing range for resentencing today would be 262 to 327 months. *Id.* at 5. This argument fails for the same reason as the first one.

Third, he states that the Government "points out that" his two prior convictions underlying his life sentence "are not conclusive." Aplt. Br. at 4. This argument is not clearly presented or adequately developed. Also, this court upheld the sentence on direct appeal, including his challenge "that there was insufficient evidence to support the judge's finding of the two prior drug felonies beyond a reasonable doubt." 127 F. App'x at 450. We held there was "ample evidence." *Id.*[3]

### B. *COVID 19 and Caregiving*

Mr. Garcia-Rodriguez contends that "Covid-19 created hardships obstructed Petitioner Garcia-Rodriguez's opportunity to explain and substantiate why Petitioner Garcia-Rodriguez is the only caregiver for his ailing and elderly mother." Aplt. Br. at 5. This argument seems to apply more to his caregiving argument than to his

---

[3] As he did in district court, Mr. Garcia-Rodriguez cites cases from outside the Tenth Circuit, mostly from district court, Aplt. Br. at 7-8, that the district court rejected as failing to remedy his failure to show the combination of a lengthy sentence and individual unique circumstances to constitute "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A)(i). *See* ROA at 212.

COVID-19 exposure argument, but even if it applies to both, he did not present it to the district court or argue plain error here, so it is waived. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128-31 (10th Cir. 2011).[4]

## C. *Deportation*

Finally, Mr. Garcia-Rodriguez asks us to "[c]onsider immediate deportation" as a "plausible alternative," explaining that his sentence calls for deportation upon release. Aplt. Br. at 5. Although the release plan he submitted to the district court called for him to live in Uruapan, Michoacan, Mexico, *see* ROA at 40, he did not explicitly present "immediate deportation" to the district court. However, in his motion for reconsideration of the district court's order denying his compassionate release motion, he cited his sentence's post-release deportation order to support his claim that he does not present a threat to public safety. Specifically, he argued that "Mr. Garcia will most likely be deported upon release, which is itself a punishment. Any lingering public safety concerns are mooted by the fact of Mr. Garcia's impending deportation." ROA at 207-08 (citations omitted). Reading his district court filing liberally as proposing immediate deportation, we see no abuse of discretion in the district court's determination that Mr. Garcia-Rodriguez failed to show "extraordinary and compelling" reasons for release.

---

[4] Though Mr. Garcia-Rodriguez is pro se, he is subject to the same procedural rules governing other litigants. *See United States v. Green*, 886 F.3d 1300, 1307-08 (10th Cir. 2018) (stating that a litigant's pro se status did not excuse compliance with the general procedural rule).

## III. **CONCLUSION**

We affirm the district court's judgment.  Because Mr. Garcia-Rodriguez has failed to show the "existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised," *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (quotations omitted), we deny his motion to proceed on appeal *in forma pauperis*.[5]

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[5] Judge Rossman would grant Mr. Garcia-Rodriguez's motion to proceed on appeal *in forma pauperis*.