**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SANDRA COOK,

    Defendant - Appellant.

No. 25-2080
(D.C. No. 1:15-CR-03224-WJ-LF-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Federal prisoner Sandra Cook moved for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A). The district court dismissed the motion as untimely and denied it on the

merits. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Ms. Cook appears pro se, "we liberally construe [her] filings, but we will not act as [her] advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). She is subject to the same procedural rules governing other litigants. *See United States v. Green*, 886 F.3d 1300, 1307-08 (10th Cir. 2018).

## I.  BACKGROUND

### A.  *Compassionate Release*

A district court may grant a compassionate release motion if it finds that (1) "extraordinary and compelling reasons warrant" a sentence reduction; (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) a sentence reduction is warranted after considering the applicable 18 U.S.C. § 3553(a) factors.  *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).  In general, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking."  *Maumau*, 993 F.3d at 831 n.4 (quotations omitted); *see also United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021).

### B.  *Procedural History*

A jury convicted Ms. Cook of possession with intent to distribute methamphetamine.  The district court sentenced her to 324 months in prison.  This court affirmed her conviction.  *See United States v. Cook*, 761 F. App'x 840 (10th Cir. 2019) (unpublished).  We later denied a certificate of appealability to challenge the district court's dismissal of her 28 U.S.C. § 2255 motion challenging her conviction.  *See United States v. Cook*, No. 23-2184, 2024 WL 4052867 (10th Cir. Sep. 5, 2024) (unpublished).

While her § 2255 proceedings were pending, Ms. Cook moved for compassionate release under § 3582(c)(1)(A), which the district court denied.  *See United States v. Cook*, No. 15-cr-3224, 2022 WL 1604715 (D.N.M. May 20, 2022).  She did not appeal.  On

2

April 7, 2025, she filed a second § 3582(c)(1)(A) motion, which is the subject of this appeal.

In her first § 3582(c)(1)(A) motion, Ms. Cook sought release to care for her mother. The court found no extraordinary or compelling reason and determined the § 3553(a) factors did not warrant release. *Cook*, 2022 WL 1604715, at *3-6.

In her second motion, Ms. Cook again sought release to care for her mother. The court viewed the motion as seeking reconsideration of its denial of the first one. *United States v. Cook*, No. 15-cr-3224, 2025 WL 1868119, at *1-3 (D.N.M. July 7, 2025). It dismissed the second motion as untimely under Federal Rule of Appellate Procedure 4(b). *Id.* at *3. It further denied the motion because the § 3553(a) factors do not support compassionate release. *Id.* at *3-5. Ms. Cook appealed.

## II. **DISCUSSION**

Reviewing for abuse of discretion, *see United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024), we affirm. Ms. Cook's arguments lack merit.

First, she asserts, without explanation, that the district court erred by not placing her motion on the civil calendar. Aplt. Br. at 4. But a motion for compassionate release must be filed with the sentencing court in a defendant's criminal case. *See United States v. Wesley*, 60 F.4th 1277, 1279 (10th Cir. 2023) (stating that § 3582(c)(1)(A) permits "a sentencing court to reduce a federal prisoner's sentence for extraordinary and compelling reasons" (quotations omitted)); *United States v. Saldana*, 807 F. App'x 816, 818 (10th Cir. 2020) (unpublished) (same) (cited for persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1).

3

Second, Ms. Cook says the district court erred by treating her second motion as a motion to reconsider and then dismissing it as untimely.

To contest that she moved for reconsideration, she points in her brief, Aplt. Br. at 4, to a 2023 amendment to the United States Sentencing Guidelines ("U.S.S.G."), which provides that "incapacitation of the defendant's parent when the defendant would be the only available caregiver" is an "extraordinary and compelling reason[]." U.S.S.G. § 1B1.13(b)(3)(C); *see also* U.S.S.G. app. C, Amend. 814 (effective Nov. 1, 2023). She implies that due to this change, her motion was not merely for reconsideration. But that provision does not apply because she and the government both provided documentation to the district court showing that her mother had an appointed guardian and was receiving care at a facility. ROA, Vol. 2 at 55, 61-107, 261-62. Because in both motions she sought release to care for her mother, the court did not abuse its discretion in construing the second motion as seeking reconsideration.

The district court's untimeliness determination followed from this conclusion. A defendant's motion to reconsider an order denying a motion for compassionate release "must be brought within the time granted to appeal that order." *United States v. Warren*, 22 F.4th 917, 924 (10th Cir. 2022) (quotations omitted). Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), Ms. Cook had 14 days after entry of the May 20, 2022 order denying the first motion to file her motion to reconsider. *See United States v. Randall*, 666 F.3d 1238, 1243 (10th Cir. 2011). Ms. Cook's second motion, filed on April 7, 2025, was therefore almost three years late. The district court appropriately dismissed it on this ground.

4

Third, Ms. Cook argues the district court failed to review the merits. Aplt. Br. at 4.[2] But it did. The court addressed the § 3553(a) factors and concluded they do not support compassionate release. *Cook*, 2025 WL 1868119, at *3-5. Although the court did not discuss all of the information presented in her motion—for example, her educational and other rehabilitation activities in prison—it was primarily concerned with the seriousness of her drug offense, the need to promote respect for the law, and deterrence. *Id.* at *3-4. We discern no abuse of discretion in the court's § 3553(a) analysis.

Fourth, she alleges "[s]entencing disparity for exercising the right to trial." Aplt. Br. at 5. But she did not raise this argument in district court and does not argue plain error here, so she waived the argument. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019).

Fifth, Ms. Cook asserts that the district court "overstated the facts in its recap of the nature of the crime." Aplt. Br. at 6. This assertion appears to concern the court's discussion of the § 3553(a)(1) factor—"the nature and circumstances of the offense." The court said:

> As the Court stated at sentencing, "a huge quantity of methamphetamine" was attributable to Cook. Doc. 157 (Sent'g Hrg. Tr.) at 37:1-38:6. She was an organizer or leader in a drug-trafficking organization. *Id.* at 23:11-24:9. And Cook's drug-trafficking organization was tied to a cartel. *Id.* at 24:7; Doc. 125 (PSR) at ¶¶ 10, 24, 26, 104.

---

[2] We do not need to reach this issue or the remaining ones because we can affirm based on untimeliness alone.

5

*Cook*, 2025 WL 1868119, at \*3. To support her assertion, Ms. Cook lists six factual claims without citations to the record. Aplt. Br. at 6. Her briefing is insufficient to challenge the district court's understanding of the offense or otherwise undermine its determination that the § 3553 factors do not support compassionate release.[3]

## III. CONCLUSION

The district court relied on untimeliness and the § 3553(a) factors as alternative and independent grounds to deny Ms. Cook's second compassionate release motion. We see no error and may affirm on either ground. We therefore affirm.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[3] Fed. R. App. P. 28(a)(6) ("The appellant's brief must contain . . . a concise statement of the case setting out the facts relevant to the issues submitted for review . . . with appropriate references to the record[.]"); Fed. R. App. P. 28(a)(8)(A) (stating that an appellant's brief must include an argument containing the "appellant's contentions . . . with citations to . . . [the] parts of the record on which the appellant relies").