**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DARRYL B. ROSE,

    Plaintiff - Appellant,

v.

JARED POLIS; COLORADO
DEPARTMENT OF CORRECTIONS;
MOSES STANCIL; JEFF LONG; JANET
SMITH; ERIKA WELIEVER; SEAN
MITCHELL; ANTHONY RUSSELL;
CAROL THOMAS; TRISHA KAUTZ,

    Defendants - Appellees.

No. 25-1414
(D.C. No. 1:24-CV-02557-LTB-RTG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Pro se Colorado prisoner Darryl B. Rose appeals the dismissal of his second amended complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal.

Mr. Rose sued nine defendants under 42 U.S.C. § 1983 in both their individual and official capacities. Most are employees or agents of the Colorado Department of Corrections. A magistrate judge ordered him to file an amended complaint that did not assert claims barred by Eleventh Amendment immunity and to clarify his claims.

After Mr. Rose filed his first amended complaint, the magistrate judge ordered him to try again, which he did. The magistrate judge screened the second amended complaint under 28 U.S.C. § 1915(e)(2)(B)(i) and recommended that the district court dismiss the official capacity claims as barred by the Eleventh Amendment and dismiss the remainder of the complaint for failure to meet the pleading standard under Federal Rule of Civil Procedure 8.

The district court adopted the recommendation and dismissed the second amended complaint without prejudice.

On appeal, Mr. Rose continues to assert vague and conclusory allegations. He fails to address the magistrate judge's reasons to recommend dismissal. Having reviewed the second amended complaint, we agree it was properly dismissed for substantially the same reasons stated by the magistrate judge.[1]

---

[1] Because Mr. Rose is pro se, the magistrate judge construed his second amended complaint liberally without becoming his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). So do we. And like the district court, we hold him to the same

We dismiss the appeal as frivolous, impose a strike, deny Mr. Rose's motion to proceed *in forma pauperis*, and remind him that he must pay the filing fee in full.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

procedural rules governing other litigants. *See United States v. Green*, 886 F.3d 1300, 1307-08 (10th Cir. 2018).