**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 29, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HERIBERTO GARCIA-RODRIGUEZ,

    Defendant - Appellant.

No. 25-8072
(D.C. No. 2:03-CR-00061-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Heriberto Garcia-Rodriguez, proceeding pro se, appeals the district court's order denying his fifth motion for compassionate release from federal prison under 18 U.S.C. § 3582(c)(1)(A). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Garcia-Rodriguez appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). He is subject to the same procedural rules governing other litigants. *See United States v. Green*, 886 F.3d 1300, 1307-08 (10th Cir. 2018).

## I. BACKGROUND

Mr. Garcia-Rodriguez was convicted in 2004 of possession with intent to distribute more than 500 grams of methamphetamine. He was sentenced under 21 U.S.C. §§ 841(b)(1)(A) and 851 to life imprisonment because he had two prior felony drug convictions. We upheld his conviction and sentence on appeal. *See United States v. Garcia-Rodriguez*, 127 F. App'x 440, 452 (10th Cir. 2005) (unpublished). His attempts to obtain post-conviction relief under 28 U.S.C. § 2255 failed.

On October 19, 2021, Mr. Garcia-Rodriguez filed a motion for compassionate release. The district court denied the motion, and we affirmed. *United States v. Garcia-Rodriguez*, No. 22-8053, 2022 WL 17588450, at *3 (10th Cir. Dec. 13, 2022) (unpublished). He moved for compassionate release four more times.[2] The district court denied each one. His notice of appeal in this matter states that he is appealing the court's October 20, 2025 order, which denied his fifth and most recent motion. ROA, Vol. 3 at 178.[3]

In denying that motion, the district court started with Mr. Garcia-Rodriguez's reliance on 18 U.S.C. § 3582(c)(1)(A)(ii), which provides for modifying a prison term if "the defendant is at least 70 years of age, has served at least 30 years in prison," and the

---

[2] He filed these motions on November 29, 2023, May 6, 2024, October 28, 2024, and August 22, 2025.

[3] The notice of appeal states that he appeals from "Doc. 188" entered on "10-10-2025." ROA, Vol. 3 at 178. Docket entry 188 is the district court's order dated October 20, 2025, denying Mr. Garcia-Rodriguez's August 22, 2025 motion for compassionate release. *Id.* at 170-77.

Bureau of Prisons Director determines "that the defendant is not a danger to the safety of any other person or the community." The court rejected relief because Mr. Garcia-Rodriguez was not "at least 70" and had not "served at least 30 years." ROA, Vol. 3 at 171-72.

The district court then turned to § 3582(c)(1)(A)(i), which permits a district court to grant compassionate release if it finds that (1) "extraordinary and compelling reasons warrant" a sentence reduction; (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) a sentence reduction is warranted after considering the applicable 18 U.S.C. § 3553(a) factors. *See United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). The court found no "extraordinary and compelling reasons."

First, the district court rejected, as it had in denying Mr. Garcia-Rodriguez's previous motions, his contention that his unusually long sentence was an extraordinary and compelling reason. The court said his life sentence was within the Guidelines range, it was based on 21 U.S.C. §§ 841(b)(1)(A) and 851, under current law it would likely be a 30-year sentence, and he had served 24 years. ROA, Vol. 3 at 174-75.

Second, the district court rejected that legal changes warranted a sentence reduction, including Mr. Garcia-Rodriguez's claim that at least one of his state law offenses underlying his sentence enhancement might now be invalid. The court did not find that any of his state offenses had been overturned. It also rejected, for the third time, his reliance on Guidelines Amendment 821. *Id.* at 175-76; *see id.* at 56-60, 90.

3

Third, the district court found Mr. Garcia-Rodriguez's argument that he was remorseful and had served the "lion's share" of his sentence to be "neither extraordinary nor compelling." *Id.* at 176.

## II. **DISCUSSION**

In his brief, Mr. Garcia-Rodriguez lists two issues, both conclusory.

The first issue lists various citations as "modifications" in the law "since [his] prior 2022 petition." Aplt. Br. at 3.[4] Although the district court did not address each of the listed citations, it said Mr. Garcia-Rodriguez had "not point[ed] the court to any specific" legal developments "that would warrant sentence reduction or compassionate release," nor was the court "aware of any" such developments. ROA, Vol. 3 at 176. Mr. Garcia-Rodriguez's appellate brief does not show that the district court erred.

Mr. Garcia-Rodriguez also references "1992 and 2000 non-felony drug predicates and new evidence that the 1992 #4634804 Fresno, CA does not . . . exist." Aplt. Br. at 3. He does not seem to contest the fact of his prior convictions that were used for sentence enhancement.[5] He instead appears to suggest at least one of them is no longer valid, and he bears the burden to make that showing. *See United States v. Wicks,* 995 F.2d 964, 978

---

[4] Under "First Issue," the brief lists "18 USC § 3582(c)(1)(A), USSG Amendment 814, § 1B1.13(b)(5) and (b)(6), FSA §§ 851(a), 841(b)(1)(A) modifications since prior 2022 petition." Aplt. Br. at 3. The brief does not explain why these provisions support reversal.

[5] Nor could he. This court rejected his factual challenge to these convictions on direct appeal. *Garcia-Rodriguez*, 127 F. App'x at 450-52.

(10th Cir. 1993).[6] The district court did not find any predicate conviction had been overturned. Mr. Garcia-Rodriguez again has not shown the district court erred.

The second issue references "one invalidated 1992 non-felony (simple possession) predicate," that he has "served the lion's share" of his sentence, and that "[t]he [18 U.S.C.] § 3553(a) sentencing factors were never employed" when he was sentenced. Aplt. Br. at 3. We have addressed the first point. We agree with the district court's response to the "lion's share" second point. And Mr. Garcia-Rodriguez did not raise the third point in his motion or his memorandum in support, *see* ROA, Vol. 3 at 148-64, 166-68, nor did the district court address it, so it is waived. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019).

In sum, we see no basis to reverse the district court.

### III. CONCLUSION

We affirm.[7]

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[6] In his motion for compassionate release, Mr. Garcia-Rodriguez said he filed a "Motion to Vacate the 1992 463480-4 case," ROA, Vol. 3 at 153, but he has not reported the outcome of that motion.

[7] The district court entered an order granting Mr. Garcia-Rodriguez leave to proceed *in forma pauperis* ("*ifp*") on appeal. *See* Appellate Doc. 11. We therefore deny his *ifp* motion to this court as moot.